Rafi Hasbani, Esq.
**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                      **COMPLAINT**

---

WINDWARD BORA, LLC,

                        Plaintiff,

-against-

EZRA SHAMI; RACHEL SHAMI; RACHEL WEISS;
NEW YORK CITY DEPARTMENT OF
TRANSPORTATION PARKING VIOLATIONS BUREAU;
"JOHN DOE" and "JANE DOE," said names being fictitious,
it being the intention of Plaintiff to designate any and
all occupants, tenants, persons, or corporations, if any,
having or claiming an interest in or lien upon the premises
being foreclosed herein,

                        Defendants.

---

Plaintiff, by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief:

## NATURE OF THE ACTION

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 2083 E 1st Street, Brooklyn, NY 11223, known on the Kings County Tax Map as Block: 7104 Lot: 511 in the County of Kings, and State of New York (the "Property").

## PARTIES

2.    Windward Bora LLC is a limited liability company organized under the laws of the State of Delaware.

3.    Windward Bora LLC is a single-member limited liability company, whose sole member, Yonel Devico is a resident of the State of Florida. For the purposes of diversity,

Windward Bora LLC is a citizen Florida.

4. Ezra Shami, upon information and belief, is a resident and citizen of the State of New York, having an address at 2083 E 1st Street Brooklyn, NY 11223. Ezra Shami is a necessary party defendant to this action by virtue of the fact that he is a party to the mortgage.

5. Rachel Shami, upon information and belief, is a resident and citizen of the State of New York, having an address at 2083 E 1st Street Brooklyn, NY 11223. Rachel Shami is a necessary party defendant to this action by virtue of the fact that she is a party to the mortgage.

6. Rachel Weiss, upon information and belief, is a resident and citizen of the State of New York, having an address at 32 Mariner Way, Monsey, NY 10952. Rachel Weiss is a necessary party defendant to this action by virtue of the fact that she is an owner of record of the subject property.

7. New York City Department of Transportation Parking Violations Bureau is a judgment creditor located at 100 Church Street, New York, NY 10007. For purposes of diversity jurisdiction, New York City Department of Transportation Parking Violations Bureau is a citizen of New York. New York City Department of Transportation Parking Violations Bureau is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage. Attached as **Exhibit A** is a true and correct copy of the judgment.

8. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Subject Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

9. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

**JURISDICTION AND VENUE**

10.     This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

11.     Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

**AS AND FOR A FIRST CAUSE OF ACTION**

12.     On or about January 3, 2007 defendant EZRA SHAMI executed a home equity line of credit in the amount of $350,000 from National City Bank by a certain note dated the same date (the "Note"). Attached as **Exhibit B** is a true and correct copy of the endorsed Note.

13.     In order to collaterally secure the aforesaid obligation, defendants EZRA SHAMI and RACHEL SHAMI, on the same day, duly executed, acknowledged and delivered to Plaintiff's assignor a mortgage (the "Mortgage"). Attached as **Exhibit C** is a true and correct copy of the Mortgage. Said mortgage was recorded in the City Register of the County of Kings on January 25, 2007 as CRFN: 2007000048035. The Mortgage encumbers the Property. *See* **Exhibit C**. Pursuant to the Mortgage, in any lawsuit for foreclosure and sale, lender has the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount borrower owes lender which fees shall become part of the Sums Secured. *See id*.

14.     The Mortgage was assigned to US Mortgage Resolution LLC by the assignment of mortgage dated April 2, 2015. Attached hereto as **Exhibit D** are true and correct copies of the assignments of mortgage. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388397.

15. The Mortgage was subsequently assigned to RCS Recovery Services, LLC by the assignment of mortgage dated August 18, 2015. See **Exhibit D**. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388398.

16. The Mortgage was subsequently assigned to 20 Cap Fund I LLC by the assignment of mortgage dated September 22, 2015. See **Exhibit D**. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388399.

17. The Mortgage was subsequently assigned to Miss Jones LLC by the assignment of mortgage dated July 25, 2017. See **Exhibit D**. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388400.

18. The Mortgage was subsequently assigned to Plaintiff by the assignment of mortgage dated November 7, 2019. See **Exhibit D**. Said assignment of mortgage was recorded in the City Register of the County of Kings on December 3, 2019 as CRFN: 2019000394328.

19. EZRA SHAMI defaulted under the Note for $350,000.00 owing to Plaintiff and no payment thereof has been made to Plaintiff from EZRA SHAMI despite demand, by having failed to make monthly payments on April 1, 2014 to date.

20. Plaintiff is the owner of the Note and is in possession of the wet-ink note with a proper allonge. Said Note and Mortgage were also assigned to Plaintiff by a written assignment of mortgage. Therefore, Plaintiff is the holder and owner of both the Note and Mortgage on the date of the filing of this this complaint. *See* **Exhibits B, C**, and **D**.

21. Defendant RACHEL WEISS owns the equity of redemption herein foreclosure and is joined as necessary defendant to the foreclosure all right, title, interest and equity of redemption in the Property.

22. Plaintiff verily believes that during the pendency of this action, it may be compelled

to make advances to prior mortgages, if any, for installments of principal and interest, taxes, assessments, water rates, and/or fire insurance premiums that are or may become due under said prior mortgage or to the receiver of taxes, or the fire insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the Mortgage foreclosed and deemed further secured thereby.

23. Plaintiff has complied with section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law.

24. That no other action is pending for the recovery or said sum secured by the Note and Mortgage.

25. That Plaintiff shall not be deemed to have waived, altered, released or changed the election made by reason of any payment after the date of commencement of this action.

## AND AS FOR A SECOND CAUSE OF ACTION

26. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "25" of the Complaint with the same force and effect as if more specifically set forth herein.

27. Pursuant to the Mortgage, at the mortgagee's options, it may require all sums due under the Note and Mortgage "upon the creation, or contract for the creation of, a transfer or sale of all or any party of the Property." See **Exhibit C** ¶ 6.

28. By a deed dated November 17, 2008, defendants EZRA SHAMI and RACHEL SHAMI transferred the Property to defendant RACHEL WEISS. Attached hereto as **Exhibit E** is a true and

5

accurate copy of the deed. Said deed was recorded in the Office of the City Register, County of Kings on December 18, 2008 as CRFN: 2008000480603. See **Exhibit E**.

29. As a result, Defendants EZRA SHAMI and RACHEL SHAMI have breached the Mortgage by violating the due on sale clause. See **Exhibit C** ¶ 6.

30. That Plaintiff shall not be deemed to have waived, altered, released or changed the election made by reason of any payment after the date of commencement of this action.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein and all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property

and Proceedings Law.

Dated: August 12, 2020
      New York, New York

                BY:   */s/ Rafi Hasbani*
                        Rafi Hasbani, Esq.
                        *Attorneys for Windward Bora, LLC*
                        450 Seventh Avenue, Suite 1408
                        New York, New York 10123
                        rhasbani@hasbanilight.com
                        Tel: (212) 643-6677

# SIGNATURE TITLE AGENCY & LAND SERVICES

CTSY- 2083 East 1st Street

## SCHEDULE A

### PROPERTY DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of East 1st Street, distant 153 feet 3 inches northerly from the corner formed by the intersection of the easterly side of East 1st Street and the northerly side of Avenue U;

RUNNING THENCE easterly parallel with Avenue U and part of the distance through a party wall, 100 feet:

THENCE northerly parallel with East 1st Street, 23 feet;

THENCE westerly parallel with Avenue U, 100 feet to the easterly side of East 1st Street; and

THENCE southerly along the easterly side of East 1st Street, 23 feet to the point or place of BEGINNING.