UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC,<br><br>                                    Plaintiff,<br> -against-<br><br>EZRA SHAMI; RACHEL SHAMI; RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; "JOHN DOE" and "JANE DOE," said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,<br>,<br><br>                                    Defendants. | Docket Number: 1:20-cv-3668<br><br>**ATTORNEY DECLARATION** |

Rafi Hasbani, Esq. hereby declares as follows:

1.     I am an attorney with the law firm of Hasbani & Light, P.C., attorneys for the Plaintiff, WINWARD BORA, LLC ("Plaintiff") and I am fully familiar with all the pleadings and proceedings held herein.

2.     This action is brought to foreclose a mortgage made by Rachel Shami and Ezra Shami ("collectively herein as "Defendants") set out as follows:

3.     On or about January 3, 2007 defendant EZRA SHAMI executed a home equity line of credit in the amount of $350,000 from National City Bank by a certain note dated the same date (the "Note"). Attached hereto as **Exhibit 1** is a copy of the complaint. See **Exhibit B,** the endorsed Note attached to **Exhibit 1**.

4.     In order to collaterally secure the aforesaid obligation, defendants EZRA SHAMI

and RACHEL SHAMI, on the same day, duly executed, acknowledged and delivered to Plaintiff's assignor a mortgage (the "Mortgage"). See **Exhibit C,** the mortgage, attached to **Exhibit 1**. Said mortgage was recorded in the City Register of the County of Kings on January 25, 2007 as CRFN: 2007000048035. The Mortgage encumbers the Property. *Id*. Pursuant to the Mortgage, in any lawsuit for foreclosure and sale, lender has the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount borrower owes lender which fees shall become part of the Sums Secured. *See id*.

5. The Mortgage was assigned to US Mortgage Resolution LLC by the assignment of mortgage dated April 2, 2015. See **Exhibit C,** the assignments mortgage, attached to **Exhibit 1**. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388397.

6. The Mortgage was subsequently assigned to RCS Recovery Services, LLC by the assignment of mortgage dated August 18, 2015. *Id*. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388398.

7. The Mortgage was subsequently assigned to 20 Cap Fund I LLC by the assignment of mortgage dated September 22, 2015. *Id*. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388399.

8. The Mortgage was subsequently assigned to Miss Jones LLC by the assignment of mortgage dated July 25, 2017. *Id*. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388400.

9. The Mortgage was subsequently assigned to Plaintiff by the assignment of mortgage dated November 7, 2019. *Id*. Said assignment of mortgage was recorded in the City Register of the County of Kings on December 3, 2019 as CRFN: 2019000394328.

10. Windward Bora is the owner and holder of the Mortgage and Note, described in the Complaint. See **Exhibit B,** the endorsed Note **and Exhibit D**, the assignments of mortgage**,** attached to **Exhibit 1**.

11. The Complaint in this action was filed in the Clerk's Office of this Court on August 13, 2020. See **Exhibit 1**. The Notice of Pendency of this action was filed with the Kings County Clerk's Office August 18, 2020. A true and accurate copy of the notice of pendency is attached hereto as **Exhibit 2**. Since their respective filings, the Complaint has not been amended so as to embrace real property other than that described in the original Complaint, or so to extend the Plaintiff's claim against the mortgaged premises.

12. In support of Plaintiff's Motion for a Default Judgment of Foreclosure and Sale, Plaintiff submits to this Court the Affidavit of John Ramer, authorized representative of Plaintiff, setting forth Plaintiff's Amounts Due and Owing ("Ramer Affidavit"). As set forth in the Ramer Affidavit, sworn to on May 12, 2023, there is due and owing to Plaintiff the outstanding principal balance is $314,900.48. As of May 1, 2023, the past due interest owed on the Loan is $137,768.97. The attorneys' fees, costs and disbursements are $8,500. As a result, the total amount due to Plaintiff is $461,169.45.00. Plaintiff's Affidavit is annexed hereto as **Exhibit 3**.

13. As appears by the Affidavits of Service, attached as **Exhibit 4**, all of the Defendants were served with copies of the Summons and Complaint and none of the Defendants have answered, although the time for them to do so has expired and has not been extended by court order or otherwise. A copy of the Clerk's Certificates of Default is attached as part of **Exhibit 4**.

14. On January 12, 2021, the parties stipulated to extend time to answer for Rachel Shami, Ezra Shami and Rachel Weiss. *See Dkt Entry 25*. To date no answer has been filed on behalf if the aforementioned defendants.

15. Due to the death of Ezra Shami and Rachel Shami, the Court granted Plaintiff's request to dismiss them from the action. *See Dkt. Entry on 12/6/2021*.

16. No defendant other than Rachel Weiss is a natural person.

17. No defendant herein is an infant, an incompetent or an absentee, and upon information and belief no defendant in default is in the military service as defined by law.

18. The undersigned confirmed by performing a PACER search that the defendants are not in Bankruptcy.

19. The mortgaged premises consist of one (1) parcel of land under one (1) tax lot located in the County of Kings, State of New York.

20. The proceedings herein have been regular and in accordance with the rules and practice of this Court.

21. No previous application has been made for the relief now sought.

**WHEREFORE**, it is respectfully requested that the Court appoint a Referee to sell the mortgage premises and that this Court ascertain and compute the amount due to Plaintiff for principal and interest, upon the Note and Mortgage mentioned in the Complaint herein; that the Plaintiff have judgment for the relief demanded in the Complaint herein; and that Plaintiff have such other and further relief as the Court may deem just and proper.

I HEREBY declare under penalty of perjury that the above statements are true and correct to be best of my knowledge, information and belief.

Dated: New York, New York
May 12, 2023

<u>/s/ Rafi Hasbani</u>
Rafi Hasbani, Esq.