UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC,<br><br>                              Plaintiff,<br><br>-against-<br><br>EZRA SHAMI; RACHEL SHAMI; RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; "JOHN DOE" and "JANE DOE," said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,<br><br>                              Defendants. | Docket Number: 1:20-cv-3668 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT OF FORECLOSURE AND SALE**

**HASBANI & LIGHT, P.C.**
*Attorneys for Plaintiff*
450 Seventh Ave, Suite 1408
New York, NY 10123
(P) (212) 643-6677
(F) (347) 491-4048

Dated: May 12, 2023

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by Plaintiff WINWARD BORA, LLC ("Plaintiff") in support of Plaintiff's motion for a default Judgment of Foreclosure and Sale against all defendants pursuant to FRCP Rule 55(a) and Local Civil Rule 55.2.

As set forth below, and in the accompanying Affidavit of John Ramer, authorized representative of Plaintiff, Plaintiff has demonstrated its entitlement to a default judgment in this matter, as well as damages due to the default of the Defendants.

## FACTUAL BACKGROUND

On August 13, 2020, Plaintiff, commenced this action against Defendants pursuant to New York Real Property Actions and Proceedings Law §1301, et seq., to foreclose on a mortgage encumbering the property located at 2083 E 1st Street, Brooklyn, NY 11223. (the Property").

On January 5, 2021, Plaintiff requested that the Clerk of this Court enter Certificates of Default, and on January 11, 2021, the Clerk granted Plaintiff's requests for Certificates of Default against Defendants. This Memorandum is now submitted in support of Plaintiff's present Motion for a Default Judgment of Foreclosure and Sale.

## THE DEFAULT BY THE DEFENDANTS

The first step in a default judgment analysis is to determine whether the defendant has defaulted. Courts may enter a default "when a party fails to appear after being given notice [of the action]" *Brooklyn Navy Yard Dev. Corp. v. Harbor Diesel Fuel Servs., Inc.*, No. CV 10-5715 ENV VVP, 2014 WL 4364628, at *2 (E.D.N.Y. Aug. 1, 2014), Report and Recommendation adopted, No. 10-CV-5715 ENV VVP, 2014 WL 4385413 (E.D.N.Y. Sept. 3, 2014) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)).

In this case, Defendants were given notice and have defaulted. Service of the Summons

and Complaint is filed in the case's docket. The Clerk entered its Certificates of Default on the docket.

## THE LEGAL STANDARDS OF A DEFAULT JUDGEMENT

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robe1tson v. Doe*, 05-CV- 7046, 2008 WL 2519894, at *3 (S.D.N. Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend...the clerk must enter the party's default.'" *Roberson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief… the court may direct entry of a final judgment as to one or more, but fewer than all, claim or parties...if the court expressly determines that there is no reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), lnc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999]). "Rather the court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Eng'rs Joint Erlfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation

omitted]). This inquiry "involves two takes: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiffs' evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## PLAINTIFF'S ENTITLEMENT TO DAMAGES

In support of Plaintiff's request for damages, Plaintiff submits the evidentiary sworn Affidavit of John Ramer, authorized representative of Plaintiff, sworn to on May 12, 2023. Said evidentiary Affidavit sets forth the basis for Plaintiff's request for damages and states that the total amount due to it is $461,169.45. Accordingly, Plaintiff has met its burden on establishing a valid basis for its damages.

## PLAINTIFF REQUESTS THE AMENDMENT OF THE CAPTION

On December 6, 2021, the Court granted Plaintiff's application to dismiss defendants Ezra Shami and Rachel Shami from the action. Also, no John Does or Jane Does have been found at the property. It is respectfully requested that the caption be amended to read as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC,<br><br>                    Plaintiff,<br> -against-<br><br>RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU;<br><br>                    Defendants. | Docket Number: 1:20-cv-3668 |

## **CONCLUSION**

Accordingly, Plaintiff requests that this Court confirm the Clerk's Entries of Default and grant a Judgment of Foreclosure and Sale.

                                      Respectfully Submitted,

                                      */s/ Rafi Hasbani*
                                      Rafi Hasbani, Esq.