UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------

Windward Bora LLC                                            Civil Action No.: 20cv3668

                                        Plaintiff,

            -against-

RACHEL SHAMI; EZRA SHAMI; RACHEL WEISS;

NEW YORK CITY PARKING VIOLATIONS BUREAU

John Doe and Jane Doe

                                        Defendants.

--------------------------------------------------------------------------------


## Memorandum of Law in Opposition to  Plaintiff's Motion to Dismiss


Lawrence Katz
Attorney for Plaintiff
488 Empire Blvd, Suite 101
Brooklyn, New York 11225
Telephone (516) 374-2118
lkatz@lawkatz.com

# FACTS OF THE CASE

Plaintiff's complaint seeks a foreclosure of the defendant's property. (Dkt 1) Plaintiff essentially alleges that plaintiff is possessed of a note endorsed to it that is secured by a mortgage interest on the property of the defendant, Rachel Weiss, the present owner of the property, and the alleged debtor, Ezra Shami, defaulted on the payment due on the outstanding indebtedness. (Dkt 1) Rachel Shami the wife of Ezra Shami, both now deceased, are the former owners of the property and the original mortgagors. (Dkt 1)

# LEGAL ARGUMENT

## POINT I

### A. LEGAL STANDARD FOR A MOTION TO ENTER DEFAULT

Federal Rule of Civil Procedure ("Rule") 55 establishes a two-step procedure by which a party may obtain a default judgment. See Bricklayers & Allied Craftworkers Local 2, Albany, NY Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, if a party has failed to plead or otherwise defend against an action, the clerk of court must enter a certificate of default by making a notation on the record. See Fed. R. Civ. P. 55(a). Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R.

Civ. P. 55(b). The trial court has "sound discretion" to grant or deny a motion

for default judgment. See Enron Oil, 10 F.3d at 95. In light of the Second Circuit's "oft-stated

preference for resolving disputes on the merits," default judgments are "generally disfavored,"

and doubts should be resolved in favor of the defaulting party. Id. at 95-96 (recognizing "the

responsibility of the trial court to maintain a balance between clearing its calendar and affording

litigants  a reasonable chance to be heard").

The court must therefore ensure that (1) Plaintiff completed each of the required

procedural steps to move for default judgment pursuant to Local Civ. R. 55.2(c); and (2)

Plaintiff's allegations, when accepted as true, establish liability as a matter of law. See SAC Fund

II 0826, LLC v. Burnell's Enter., Inc., 18 Civ. 3504 (ENV) (PK), 2019 U.S. Dist. LEXIS 193952,

2019 WL 5694078, at *4 (Sept. 7, 2019), R & R adopted, 2019 U.S. Dist. LEXIS 197737, 2019

WL 5956526 (E.D.N.Y. Nov. 13, 2019) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir.

2009)); see Bhagwat v. Queens Carpet Mall, Inc., 14 Civ. 5474 (ENV) (PK), 2017

U.S. Dist. LEXIS 192728, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A motion

for default judgment will not be granted unless the party making to motion adheres to all of the

applicable procedural rules.").

Avail 1 LLC v. Latief, 2020 U.S. Dist. LEXIS 148125, *4-5, 2020 WL 5633869

## B.  DEFENDANTS WERE NOT IN DEFAULT

The clerk entered a default on January 11, 2021.(Dkt # 21-24) On January 12, 2021, the

parties entered into a stipulation to vacate the default and extend the time to answer.(DKT#25)

On that same day, a motion to extend the time to answer was granted, until February 12, 2021.(Dkt#27)

A declaration of default does not survive an order vacating that very default.  In any case, on February 12, 2021, the defendant moved by a premotion letter to dismiss the case.  As the docket shows a premotion conference was held mediation was ordered and almost immediately thereafter Ezra Shami passed away. This was followed by the death of Rachel Shami.(Dkt#29, 31)

Pursuant to Rule 25 the matter was stayed until plaintiff, on December 2, 2021, by letter requested of the court that it be permitted to dismiss the action against Ezra Shami and Rachel Shami.(Dkt#  On December 6, 2021, 8 months after the suggestion of death on the record for Ezra Shami was filed and 90 days after the suggestion of death on the record for Rachel Shami was filed, the court dismissed the case.

Prior to this action being brought the alleged assignor of the plaintiff brought an action for foreclosure  naming the same parties seeking to foreclose on the same property that was voluntarily dismissed.  Miss Jones LLC v Shami, 18 CV 3017 ENV-CLP USDC (EDNY) Eastern District of New York

## C. IN THE ALTERNATIVE DEFENDANT SHOULD BE PERMITED TO ANSWER

"[The Second Circuit] ha[s] made known [its] preference for resolving disputes on the merits." Palmieri v. Town of Babylon, 277 Fed. Appx. 72, 74 (2d Cir. 2008) (internal quotation omitted). A party challenging the entry of a default must satisfy the "good cause" standard in Federal Rule of Civil Procedure 55(c). This standard requires a court to weigh: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). A court "may also consider relevant equitable factors, including whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Robinson v. Sanctuary Music, 383 Fed. Appx. 54, 58 (2d Cir. 2010). On a Rule 55(c) motion, [*4] the court must resolve all doubts in favor of the party seeking to vacate the certificate of default. See Prestige Capital Corp. v. Fuber LLC, 2017 U.S. Dist. LEXIS 88237, 2017 WL 2558803, at *2 (S.D.N.Y. June 5, 2017).

Importantly, the standard for vacating an entry of default pursuant to Rule 55(c), which requires a party to show "good cause," is "less rigorous" than vacating a default judgment pursuant to Rule 60(b)." Meehan v. Snow, 652 F.2d 274, 276-77 (2d Cir. 1981); see White Plains Housing Auth. v. Getty Props. Corp., 2017 U.S. Dist. LEXIS 62705, 2017 WL 1498041, at *2 (S.D.N.Y. Apr. 25, 2017); Ramsaran v. Abraham, 2017 U.S. Dist. LEXIS 47751, 2017 WL 1194482, at *10 (S.D.N.Y. Mar. 30, 2017) ("[T]he Court concludes that all the factors support vacating the Certificate of Default, especially considering the more forgiving standard due in the absence of a final entry of default judgment."). Therefore, plaintiff's argument that Rule 60(b)(1) sets a high bar for a defendant to set aside a default judgment is misplaced. There has been no default judgment in this case, but only an entry of default by the Clerk of Court.

## POINT II

## PLAINTIFF'S COMPLAINT HAS FAILED TO PLEAD A CAUSE OF ACTION

The first failing of the Ramer affidavit, the only affidavit submitted in support of plainitff's motion, is that he does not indicate who he is. We do not know who he works for, what his job function is or the basis for any of his conclusory statements. His lack of reliability is confirmed by the very documents he submits to support his assertions. While he claims that Ezra Shami signed this agreement, in fact Ezra Shami only signed the actual mortgage. This is apparent from the document itself. It is captioned Signature Addendum to Security Instrument. The actual line of credit was signed only by Rachel Shami. And only Rachel Shami was responsible for the debt.

A "hearsay affidavit is not a substitute for the personal knowledge of a party." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1989); *see also H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 454-55 (2d Cir. 1991) (hearsay testimony that would be inadmissible at trial "may not properly be set forth in a Rule 56(e) affidavit"). Ultimate or conclusory facts and conclusions of law also cannot be used on a summary judgment motion. *Bellsouth Telecomm., Inc. v. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996). When an affidavit does not comply with these basic requirements, the [**6] offending portions should be disregarded by the court. *United States v. Alessi*, 599 F.2d 513, 514-15 (2d Cir. 1979). Wahad v. FBI, 179 F.R.D. 429, 435, 1998 U.S. Dist. LEXIS 7699, *5-6

The question of admissibility of otherwise hearsay business records hinges upon the reliability of the records.

Plaintiff's complaint seeks a foreclosure of the defendant's property. Plaintiff essentially alleges that plaintiff is possessed of a note endorsed to it that is secured by a mortgage interest on the property of the defendant, Rachel Weiss, the present owner of the property. The debtor, Ezra Shami, failed to pay the note as agreed.

Plaintiff includes the document it refers to as a note as an Exhibit to the complaint and attaches a copy to plaintiff motion for a default judgment.

The document itself is entitled line of credit, not Note. Not surprisingly when the document is read, it becomes clear that it is a line of credit and not a note. National City extended a line of credit to the then owners of the property, Rachel and Ezra Shami, who were permitted but not required to draw funds which would be secured by the credit line mortgage placed upon their property. Although it should be obvious why a line of credit is not a negotiable instrument case law in New York makes clear that it is not. (*OneWest Bank, N.A. v FMCDH Realty, Inc.*, ___AD3d___, 83 NYS3d 612, 2018 NY Slip Op 06101 [2018].)

Since the complaint makes clear that its reference to possession of a note, is a claim of possession of a Line of Credit, it does not make a claim out upon which any relief can be granted. Assuming, arguendo, that this plaintiff stands in the same shoes as National City, there is nothing within this complaint that suggests that the homeowners who were signatories to this agreement owe any money to anyone. Nor can one claim standing in a suit based upon a line of credit based upon physical possession. (*OneWest Bank, N.A. v FMCDH Realty, Inc.*, ___AD3d___, 83 NYS3d 612, 2018 NY Slip Op 06101 [2018].)

The document although not a note purports to have allonges attached to it, but the allonges are not attached to the "note" but to the last page entitled signature addendum to security agreement. In addition, the last payee on the allonges is not the plaintiff but Miss Jones LLC, the prior assignee. According to the documents Miss Jones LLC owns this note not plaintiff.

Further, plaintiff cannot make a claim of standing based upon an assignment of mortgage. (*Bank of NY v Silverberg*, 86 AD3d 274, 280 [2d Dept 2011].)

It has long been held that "a transfer of the **mortgage** without the debt is a nullity, and no interest is acquired by it" (*Merritt v Bartholick*, 36 NY 44, 45, 34 How Pr 129, 1 Transc App 63 [1867]; *see Carpenter v Longan*, 83 US 271, 274, 21 L Ed 313 [1873] [an **assignment of the mortgage** without the note is a nullity]; *US Bank N.A. v Madero*, 80 AD3d 751, 752, 915 NYS2d 612 [2011]; *US Bank, N.A. v Collymore*, 68 AD3d at 754; *Kluge v Fugazy*, 145 AD2d 537, 538, 536 NYS2d 92 [1988] [plaintiff, the assignee of a **mortgage** without the underlying note, could **not** bring a foreclosure action]; *Flyer v Sullivan*, 284 App Div 697, 698, 134 NYS2d 521 [1954] [mortgagee's **assignment of the mortgage** lien, without **assignment** of the debt, is a nullity]; *Beak v Walts*, 266 App Div 900, 42 NYS2d 652 [1943]). A "**mortgage** is merely security for a debt or other obligation and [***12] cannot exist independently of the debt or obligation" (*FGB Realty Advisors v Parisi*, 265 AD2d 297, 298, 696 NYS2d 207 [1999]). According to plaintiff monthly payments(sic) of some unspecified amount were due on the first (1st) day of June, 2007. There is nothing within the documents that supports this assertion nor is

there any assertion that any money was ever borrowed by Rachel and Ezra Shami, that would require them make payments be they monthly or otherwise.

In any case because these payments(sic) were due ten years prior to the bringing of this complaint, the cause of action is beyond the statute of limitations. The statute of limitations on a mortgage is six years from default. (*Stewart Tit. Ins. Co. v Bank of NY Mellon*, 154 AD3d 656 [2d Dept 2017].)   Any default alleged occurred more than six years prior to the bringing of the action.  The complaint also raises a claim based upon the transfer for the property which also occurred outside the statute of limitations.

To summarize the plaintiff has failed to allege a cause of action as it has not demonstrated it has acquired any interest in the credit line mortgage, has failed to allege that any monies were borrowed by Ezra and Rachel Shami and, to the extent it has alleged a default of any kind that default is alleged to have occurred outside the statute of limitations.

## POINT III

## PLAINTIFF'S COMPLAINT IS SUBJECT TO RES JUDICATA

In order to remove the stay the plaintiff requested that the action be dismissed against the defendants Rachel Shami and Ezra Shami.  Because the dismissal was pursuant to Rule 25(a)(1) it is a mandatory dismissal, and it is with prejudice.  Since the plaintiff is barred from collecting the alleged debt, the mortgage is a nullity.  In New York you cannot have a mortgage without an indebtedness.

### POINT IV

### RPAPL 1304 and RPAPL 1306

New York has instituted various notice requirements pursuant to RPAPL 1304 that applies to all borrowers of home loans prior to the commencement of any foreclosure action.

The plaintiff was required to send a 90 day notice to all borrowers and to file confirmation of the same with New York State. This requirement is a prerequisite to the bringing of any foreclsoure action and failure to comply with the requirements results in dismissal.

**CONCLUSION**

The motion of the plaintiff should be denied.

Respectfully submitted,

s/ Lawrence Katz
Lawrence Katz