UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Windward Bora, LLC,

<table>
<tr><td></td><td>Plaintiff,</td><td><strong><u>REPORT AND<br>RECOMMENDATION</u></strong></td></tr>
<tr><td>v.</td><td></td><td></td></tr>
</table>

                  Plaintiff,

      v.

Ezra Shami; Rachel Shami; Rachel Weiss;
New York City Department of Transportation Parking
Violations Bureau; "JOHN DOE" and "JANE DOE,"
said names being fictitious, it being the intention of
Plaintiff to designate any and all occupants, tenants,
persons, or corporations, if any, having or claiming an
interest in or lien upon the premises being foreclosed
herein,

                  Defendants.
------------------------------------------------------------------X

20-CV-3668
(Block, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       Plaintiff Windward Bora, LLC filed this action on August 13, 2020, seeking to foreclose

on a mortgage encumbering a property pursuant to New York Real Property Actions and

Proceedings Law ("NY RPAPL") §§ 1301 *et seq*.  *See* Dkt No. 1 ("Compl.").  The Complaint

names Ezra Shami, Rachel Shami, Rachel Weiss, the New York City Department of

Transportation Parking Violations Bureau ("NYC PVB"), "John Doe," and "Jane Doe" as

Defendants.  Defendants Ezra Shami and Rachel Shami passed away after litigation commenced

and were subsequently dismissed from the action.[1]  *See* Dec. 6, 2021 Dkt. Order.

       Currently pending before this Court, on a referral from the Honorable Frederic Block,

United States District Judge, is Plaintiff's motion for default judgment against Defendant Weiss

---

[1] The Court respectfully recommends that the Clerk of Court amend the case caption to reflect the dismissal
of Ezra and Rachel Shami.  *See* Dkt. No. 44-6, at 4 (requesting that the caption be amended to *Windward
Bora, LLC v. Rachel Weiss; New York City Department of Transportation Parking Violations Bureau*); *see
also United States v. Edwards*, 241 F.R.D. 146, 148 (E.D.N.Y. 2007) (collecting cases for the premise that
amendments to a case caption to make technical changes are generally permissible).

and Defendant NYC PVB.  *See* Dkt. No. 44; *see also* May 12, 2023 and Jan. 3, 2024 Referral

Orders.[2]  Defendant Weiss filed an opposition to Plaintiff's motion, *see* Dkt No. 45; Defendant

NYC PVB did not.

      For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion

for default judgment be denied, and that the Clerk's entries of default be vacated and set aside.

**I.**     **<u>Background</u>**

     **A.**     **Factual Allegations**

      The following facts are taken from the Complaint and Plaintiff's motion for default

judgment (Dkt. No. 44); the facts are assumed to be true for the purposes of this motion.  *See*

*Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *1

(E.D.N.Y. Sept. 29, 2023) (citing *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry*

*& Constr., LLC*, 779 F.3d 182, 187-90 (2d Cir. 2015)).

      On January 3, 2007, Ezra and Rachel Shami opened an equity reserve line of credit with

National City Bank for $350,000 (the "Note").  Compl. ¶ 12; *see* Dkt. No. 1-2 (the Note).  The

Note is entitled "Equity Reserve Agreement – National Home Equity," and provides the borrower

an "open-end line of credit . . . to obtain cash advances [] from time to time."  *See* Note, at 1.  The

Note allows the borrower to obtain a credit card to acquire cash advances on the line of credit.  *Id.*

The Note sets a credit maximum of $350,000, but the borrower is not obligated to use the entire

line of credit.  *Id.*  The total amount due by the borrower under the line of credit depends on the

previous monthly payments, the applicable interest rate, and related charges.  *Id.* at 2-3.

---

[2] While the text of the electronic order only refers Plaintiff's motion for a default judgment against defendant Rachel Weiss to the undersigned, the motion referenced in the order (Dkt. No. 44) includes Plaintiff's request for a default judgment against all remaining identified defendants, to wit, Rachel Weiss and NYC PVB.  Out of an abundance of caution, the undersigned therefore addresses Plaintiff's motion against both Rachel Weiss and NYC PVB herein.

Attached to the Note are four allonges.  *Id.* at 8-11.  An "allonge" is "defined in Black's Law Dictionary as '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'"  *Priv. Cap. Invs., LLC v. Schollard*, No. 07-CV-757, 2011 WL 3176468, at n. 2 (W.D.N.Y. July 27, 2011) (citing BLACK'S LAW DICTIONARY 88 (9th ed. 2009)).  The first allonge is endorsed to PNC Bank N.A., successor by merger to National City Bank.  *Id.* at 8.  The second is endorsed to RCS Recovery Services, LLC.  *Id.* at 9.  The third allonge, which was signed by RCS, is endorsed in blank (*id.* at 10), meaning it "specifies no particular indorsee." N.Y. Uniform Commercial Code ("UCC") § 3-204(2).  The final allonge is endorsed to Miss Jones, LLC.  *Id.* at 11.  Plaintiff alleges that it is the "owner of the Note and is in possession of the wet-ink note with a proper allonge." Compl. ¶ 20.

Defendants Ezra and Rachel Shami secured the Note by executing a mortgage (the "Mortgage") on property located at 2083 East 1st Street, Brooklyn, New York 11223 (the "Property").  *Id.* ¶¶ 1, 13; *see* Dkt. No. 1-3 (Mortgage).  The Mortgage contains a "due on sale" clause.  *See* Dkt. 1-3 ¶ 6.  The Mortgage was assigned to various lenders before eventually being assigned to Plaintiff by Miss Jones, LLC on November 7, 2019 pursuant to an assignment of mortgage ("AOM").  *See* Compl. ¶¶ 14-18; *see* Dkt. No. 1-4 (AOM).  The AOM reflects a transfer of Miss Jones LLC's "interest under that certain Mortgage Dated 1/3/2007, in the amount of $350,000, executed by Rachel Shami to National City Bank and Recorded: 1/25/2007 . . ."  *See* Dkt No. 1-4, at 13.  Upon assignment of the Mortgage, Plaintiff claims it also came into possession of the Note.  *See* Compl. ¶ 20.

On April 1, 2014, Ezra Shami allegedly defaulted on the Note, and since then, no payments have been made.  *Id.* ¶ 19.  According to a deed dated November 24, 2008 (the "Deed"), Ezra and

Rachel Shami sold the Property to Defendant Weiss.  *See* Dkt. No. 1-5 (the Deed).  Plaintiff alleges that Defendant Weiss remains the owner of the Property and is thus entitled to the equity of redemption.  *See* Compl. ¶¶ 6, 21.  Defendant NYC PVB has a judgment docketed against the Defendants and/or the Property.  *Id.* ¶ 7.

### B.   Procedural History

Plaintiff filed the Complaint on August 13, 2020, seeking to foreclose on the Property pursuant to NY RPAPL §§ 1301 *et seq.*[3]  *See* Compl. ¶¶ 12-25.  Plaintiff served Defendant NYC PVB with the Complaint on October 1, 2020.  Dkt. No. 12.  Defendants Ezra Shami and Rachel Shami were served on October 5, 2020 (Dkt. Nos. 9-10), and Defendant Weiss was served on December 8, 2020 (Dkt. No. 13).  On December 29, 2020, the Court issued an order directing Plaintiff to take action on the case.  *See* Dec. 29, 2020 Order.

On January 5, 2021, Plaintiff requested certificates of default against each Defendant based on their "failure to plead or otherwise defend."  *See* Dkt. Nos. 15-19.  The Clerk of Court granted Plaintiff's request and entered defaults against Defendants on January 11, 2021 pursuant to Fed. R. Civ. P. 55(a).  *See* Dkt. Nos. 21-24.  The next day, the parties filed a joint stipulation and motion wherein Defendants Ezra Shami, Rachel Shami, and Rachel Weiss (the "Appearing Defendants") appeared in the case, consented to personal jurisdiction, and sought an extension of time to file an answer.  *See* Dkt. Nos. 25-26.  The Court granted the motion and ordered the Appearing Defendants to answer by February 12, 2021.  *See* Jan. 12, 2021 Order.  The Office of the Corporation Counsel has not appeared on behalf of NYC PVB.

---

[3] Plaintiff also asserts a second cause of action alleging a breach of contract claim in connection with the Mortgage's "due on sale" clause and the subsequent sale of the Property.  *See* Compl. ¶¶ 26-30. Nonetheless, in all filings, Plaintiff only seeks foreclosure of the home pursuant to the first cause of action and does not seek any damages associated with the second cause of action.  *See, e.g.*, Dkt. Nos. 44, 44-1, and 44-6.

On February 12, 2021, Appearing Defendants filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss based on the expiration of the statute of limitations. *See* Dkt. No. 27.  In their letter, Appearing Defendants reference an earlier action filed by Miss Jones, LLC, against Defendants for foreclosure of the Mortgage.  *See id.* (citing *Miss Jones, LLC v. Shami et al.*, 18-CV-3017 (ENV) (CLP) ("Miss Jones Action")).  According to Appearing Defendants, the Miss Jones Action and the instant action are "the same," but in the complaint filed by Miss Jones, Defendants are alleged to have defaulted on the Note in 2007, not April 1, 2014, as Plaintiff alleges in the Complaint.[4]  *Id.*  Based on these allegations, Appearing Defendants argue that Plaintiff's foreclosure claim is barred by New York's six-year statute of limitation.  *See* Dkt. No. 27.  On March 17, 2021, the Court held a pre-motion conference to address Defendant's letter.  *See* Mar. 17, 2021 Minute Entry.  Plaintiff and Appearing Defendants appeared at the conference; Defendant NYC PVB did not.  *See id.*  The Court referred the parties to mediation and ordered a stay of motion practice until after mediation was completed.  *See id.*

On March 18, 2021, Defendant Ezra Shami passed away, and the case was automatically stayed pending a party substitution.  *See* Dkt. No. 29; *see also* Mar. 31, 2021 Order.  On August 8, 2021, Defendant Rachel Shami also passed away.  *See* Dkt. Nos. 31, 33.  On November 18, 2021, the Court held a teleconference with the parties in which both counsel for Plaintiff and Defendant Weiss appeared.  *See* Nov. 18, 2021 Minute Entry.  A discussion took place regarding the death of Defendants Ezra Shami and Rachel Shami and the resulting automatic stay.  *See id.*; Dkt. No. 34.  Following the conference, Plaintiff filed a letter seeking permission to dismiss the action against Defendants Ezra Shami and Rachel Shami, citing to delays in appointing an

---

[4] The Court may take judicial notice of dockets from other courts' proceedings because they are public records."  *Acceptance Indem. Ins. Co. v. Crammer OConner Fiber Genesis*, No. 22-CV-01197 (HG) (RLM), 2022 WL 14058786, at *4 n.1 (E.D.N.Y. Oct. 24, 2022) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

administrator for their estates.  *See* Dkt. No. 34.  Plaintiff explained that Defendants Ezra Shami and Rachel Shami were no longer considered necessary parties to the litigation because Plaintiff was not seeking a deficiency against their estates and had instead opted to recover the subject premises, which was owned by Defendant Weiss.  *Id.*  On December 6, 2021, the Court granted Plaintiff's request, dismissed Defendants Ezra Shami and Rachel Shami from the action, and lifted the stay on proceedings.  *See* Dec. 6, 2021 Order.

On June 27, 2022, Plaintiff again filed a request for certificate of default against Defendant Weiss based on her alleged failure to "plead or otherwise defend."  *See* Dkt. No. 35.  That same day, Defendant Weiss filed a second letter seeking a pre-motion conference regarding a motion to dismiss for failure to join an essential party.  *See* Dkt. No. 36.  In her letter, Defendant Weiss claims that she is not a proper party to the foreclosure action because she is not alleged to be a party to the underlying indebtedness or to the original mortgage.  *See id.*  Defendant Weiss further contents that she was surprised by Plaintiff's motion, as she was "under the impression that the parties had settled this matter."  *See id.*  She claims that she never intended to default.  *Id.*

The Court granted Defendant Weiss's request and held a pre-motion conference on October 7, 2022.  *See* Oct. 7, 2022 Minute Entry.  Plaintiff and Defendant Weiss appeared at the conference, and the Court once again referred the parties to mediation.  *See id.*  On December 7, 2022, the parties submitted a joint letter requesting an extension of time to complete mediation until January 31, 2023, which the Court granted.  *See* Dkt. No. 42; *see also* Dec. 8, 2022 Order.  Thereafter, it appears that communication between the parties fractured, and no action was taken on the case for five months.  On May 5, 2023, Plaintiff filed a letter seeking permission to move for default judgment against Defendants Weiss and NYC PVB based on their failure to answer or move to vacate their default.  *See* Dkt. No. 43.  The Court granted Plaintiff's request and ordered

Plaintiff to "file a motion for default judgment as to defendant Rachel Weiss" by May 12, 2023. *See* May 5, 2023 Order.

On May 12, 2023, Plaintiff filed the current motion, which seeks a default judgment of foreclosure and sale. *See* Dkt. No. 44. In support of this motion, Plaintiff submits: (1) a declaration from Plaintiff's counsel, Rafi Hasbani, Esq., with exhibits (Dkt. Nos. 44-1 to 44-5); (2) the affidavit of John Ramer, an authorized signatory of Plaintiff (Dkt. No. 44-4); and (3) a memorandum of law (Dkt. No. 44-6). Plaintiff did not file an affidavit of service in connection with the motion.

On May 25, 2023, Defendant Weiss filed an opposition to Plaintiff's motion. *See* Dkt. No. 45. As noted above, Defendant NYC PVB has not appeared, responded to the Complaint, or filed an opposition to Plaintiff's motion.

## II.   **Standard for Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see Esquivel*, 2023 WL 6338666, at *3 ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(1)). At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages.  *Greyhound Exhibitgroup*, *Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).  A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability.  *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).  The decision to grant or deny a default motion is "left to the sound discretion of a district court."  *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)); *see Chen*, 2023 WL 2583856, at *7 (the court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established.") (quotations and citation omitted).

III.   **Discussion**

This Court respectfully recommends that Plaintiff's motion for default judgment be denied for failure to comply with Local Civil Rules 55.2(b) and 55.2(c).  Additionally, this Court respectfully recommends that the Clerk of Court's entries of default against Defendants Weiss and the NYC PVB be set aside in favor of resolving this case on the merits.

A.   **Plaintiff's motion for default judgment should be denied for failure to comply with Local Civil Rules 55.2(b) and (c)**

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."  *Annuity, Welfare & Apprenticeship Skill*

8

*Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)).  "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."  *See Fin. Servs. Vehicle Tr. v. Osmanaj*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (citations and quotation marks omitted).

Under Local Civil Rule 55.2(b), a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."  And, under Local Civil Rule 55.2(c), the party must mail the motion, with these three items, to "the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)."

"Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment."  *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021), *report and recommendation adopted*, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021); *see also BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704 (E.D.N.Y. Dec. 22, 2023) (recommending denial of motion for default judgment for failure to comply with Local Civil Rule 55.2(b)), *report and recommendation adopted*, Jan. 9, 2024 Dkt. Order; *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2-*3 (E.D.N.Y. Nov. 26, 2019) (recommending denial of motion for default judgment for failure to comply with Local Rule 55.2(c) and noting that "courts in the Eastern and Southern Districts regularly deny such motions

when strict procedural compliance is lacking"), *report and recommendation adopted*, 2019 WL 6828276 (Dec. 13, 2019); *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253 (CBA) (CLP), 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (denying motion for default judgment for failure to mail defendants the documents enumerated in Local Rule 55.2(b)).

Here, although Plaintiff attached a copy of the Complaint and certificate of default to its motion (Dkt. Nos. 44-2, 44-5), Plaintiff failed to attach a proposed form of default judgment in violation of Local Civil Rule 55.2(b). Notably, in a different case filed by Plaintiff in this district more than a year prior to the filing of the instant motion, Plaintiff was warned that it must comply with the Local Civil Rules, including Local Civil Rule 55.2(b), when seeking default judgment. *See Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *4 (E.D.N.Y. July 5, 2022) (recommending denial of Plaintiff's motion for default judgment for failure to comply with Local Civil Rules 7.1 and 55.2, as Plaintiff did not, *inter alia*, attach a proposed form of default judgment), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).

Plaintiff's motion for default judgment is therefore deficient on its face and should be denied. *See, e.g.*, *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers*, 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) ("Plaintiffs' motion for default judgment is deficient on its face for failure to comply with Local Rules 55.1 and 55.2(b), as the motion does not include a proposed form of default judgment"); *see also Liberty Mut. Fire Ins. Co. v. CitiMortgage, Inc.*, No. 20-CV-5839 (EK) (RER), 2022 WL 5424790, at *3 (E.D.N.Y. July 21, 2022) (denying motion for default judgment for, inter alia, plaintiff's failure to submit a proposed form of default judgment); *Yoon v. Toothsavers Dental Lab'y, Inc.*, No. 19-CV-2283 (ERK) (VMS), 2020 WL 13580466, at *8 (E.D.N.Y. June 22, 2020) (recommending denial

10

of default judgment motion where plaintiff did not include "a copy of the Clerk's certificate of default, a copy of the complaint, or a proposed form of default judgment"), *report and recommendation adopted*, July 27, 2020 Dkt. Order. "As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2(b). *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022); *Rhoden v. Mittal*, No. 18-CV-6613 (LDH) (SJB), 2020 WL 13664671, at *2 (E.D.N.Y. Jan. 3, 2020) ("Failure to comply with the requirements Local Rule 55.2 is a basis to deny a motion for default judgment").

In addition to not attaching a proposed form of default judgment, Plaintiff also did not file proof of service indicating that it complied with the mailing requirement set forth in Local Civil Rule 55.2(c). In connection with Defendant Weiss, the Court is willing to overlook this defect due to the fact that Defendant Weiss received the motion, as evidenced by her opposition. *See* Dkt. No. 45. But as to the NYC PVB, the Office of the Corporation Counsel, New York City Law Department has yet to appear in this case, so failure to mail the notice of motion is non-excusable. *See Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at *4 (E.D.N.Y. Feb. 21, 2019) (recommending denial of default judgment where plaintiff did not establish that defendant was served in accordance with Local Civil Rule 55.2(c)), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019).

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be denied for failure to comply with the requirements of Local Civil Rules 55.2(b) and 55.2(c).

**B.     The Court should aside the entries of default for Defendants Weiss and Defendant NYC PVB**

Here, entries of default have been entered against Defendants Weiss and NYC PVB.[5]  This Court respectfully recommends that both entries of default should be set aside.[6]

Federal Rule of Civil Procedure 55 establishes the procedures for obtaining and vacating entry of a default judgment.  First, Fed. R. Civ. P. 55(a) provides that the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Thereafter, a plaintiff may move for a default judgment under Rule 55(b).  Following entry of a default, Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause."  S*ee Meehan v. Snow*, 652 F.2d 274, 276 n.5 (2d Cir. 1981) (per curiam) ("Entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course . . . ").

---

[5] Entries of Default were also entered against Defendants Ezra Shami and Rachel Shami.  But as the Court has already dismissed these defendants from this case, their entries of default should also be vacated by the Clerk of Court.  *See* Dkt. No. 34; Dec. 6, 2021 Dkt. Order.

[6] "In contrast to a motion for default judgment, which seeks dispositive relief, a motion to vacate an entry of default is not a dispositive motion and thus may be addressed by a magistrate judge in a memorandum and order, rather than a report and recommendation." *Li v. Fleet New York Metro. Reg'l Ctr. LLC*, No. 21-CV-5185 (PKC) (RER), 2022 WL 1666963, at *2 (E.D.N.Y. May 25, 2022) (citation omitted*); see also Sheet Metal, Air, Rail & Transportation Workers Loc. Union No. 137 v. Frank Torrone & Sons, Inc*., No. 15-CV-2224 (KAM) (PK), 2018 WL 4771897, at *8 (E.D.N.Y. Oct. 3, 2018) (collecting cases). Nonetheless, in an abundance of caution, the undersigned addresses whether the entries of default should be vacated in this Report and Recommendation.

Evaluating "good cause" under Fed. R. Civ. P. 55(c) is "left to the sound discretion of a district court." *Enron Oil Corp.*, 10 F.3d at 95 (2d Cir. 1993). When determining whether to relieve a party from default, courts look to three main factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96. Where a defendant opposes a motion for default judgment, the Court may treat the motion as one to set aside entry of default despite the absence of a formal motion under Fed. R. Civ. P. 55(c). *See Meehan*, 652 F.2d at 276 (2d Cir. 1981) (treating defendants' opposition as a motion to set aside the entry of default); *Seaford Ave. Corp. v. ION Ins. Co., Inc.*, No. 22-CV-3449 (JS) (LGD), 2022 WL 17669438, at *2 (E.D.N.Y. Dec. 14, 2022) (construing defendant's belatedly-filed answer and opposition to plaintiff's motion for default judgment as a motion to set aside the entry of default). The Court may also consider other "relevant equitable factors, including whether failure to appear was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" *Allen v. Barnes*, No. 08-CV-3832 (BMC) (LB), 2009 WL 331243, at *2 (E.D.N.Y. Feb. 9, 2009) (quoting *Raheim v. New York City Health & Hosps. Corp.*, No. 96-CV-1045 (JFB) (CPP), 2007 WL 2363010, at *3 (E.D.N.Y. Aug. 14, 2007)).

### 1.   The Court should set aside default for Defendant Weiss

#### a.   Defendant Weiss's default was not willful

The first factor that the Court must consider in determining whether to set aside an entry of default is whether the default was willful. Willfulness is "more than mere[] neglect or carelessness." *Aetna Life Ins. Co. v. Licht*, No. 03-CV-6764 (PKL) (JCF), 2004 WL 2389824, at *4 (S.D.N.Y. Oct. 25, 2004). It "must be the deliberate and intended consequence of [the] movant's actions." *Id.* (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir.

1998)). "A default is deemed willful where a defendant simply ignores the complaint without action." *Yan v. Bocar*, No. 04-CV-4194 (LAK), 2005 WL 3005338, at *13 (S.D.N.Y. Sept. 8, 2005) (citation omitted); *see also Gumbs & Thomas Publishers, Inc. v. Lushena Books*, No. 99-CV-3608 (ILG), 2003 WL 21056983, at *3 (E.D.N.Y. Mar. 3, 2003) ( "[c]ourts have held a default to be willful when a defendant knew about the complaint and failed to respond").

This Court finds that Defendant Weiss's default was not willful. While Defendant Weiss did not timely respond to the Complaint (*see* Dkt. No. 13), she subsequently appeared in this action through counsel, was granted an extension of time to answer (Jan. 12, 2021 Dkt. Order), filed two pre-motion letters requesting leave to move to dismiss the Complaint (Dkt. Nos. 27, 36), and appeared for two pre-motion conferences. These events, coupled with the fact the Court stayed all motion practice on March 17, 2021 and again on October 7, 2022, preclude a finding that Defendant Weiss simply ignored the Complaint without action. *See Cadles of Grassy Meadows II, LLC v. St. Clair*, No. 10-CV-1673 (JS) (ETB), 2010 WL 11651584, at *2 (E.D.N.Y. Dec. 15, 2010) (finding that defendants' default was not willful where defendants filed an answer to the original complaint and opposed plaintiff's motion for default judgment). Accordingly, this Court finds that Defendant Weiss's default was not willful.

### b.    Defendant Weiss has raised a meritorious defense

The second factor that the Court must consider in deciding whether to vacate the entry of default is whether Defendant Weiss has raised a meritorious defense to the Complaint. To satisfy this factor, "a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted." *Allen*, 2009 WL 331243, at *3 (quotations and citation omitted). Evidence beyond mere "conclusory denials" is required. *Enron Oil Corp.*, 10 F.3d at 98.

Here, because Defendant Weiss has raised at least one meritorious defense, she has satisfied her burden for vacating an entry of default. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (holding that the district court wrongfully "required conclusive evidence" of defendant's proposed meritorious defense because "the District Court was not the trier of fact on this issue and should not have required such evidence in order to permit [the defendant] to present its defense"); *Neary v. Tischler*, No. 1:22-CV-00728, 2023 WL 4561314, at *4 (W.D.N.Y. July 17, 2023) ("As Defendants have identified at least one meritorious defense, they have satisfied their burden for vacating an entry of default").

Defendant Weiss's first defense is based on Plaintiff's lack of standing. *See* Dkt. No. 45, at 7-8. To establish standing under New York law,[7] a plaintiff must demonstrate that it is "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." *W. Coast 2014-7, LLC v. Moses*, No. 20-CV-04101 (NGG) (JRC), 2022 WL 20703851, at *2 (E.D.N.Y. Oct. 27, 2022). The transfer of the note is of particular significance, as once the promissory note is tendered to and accepted by the assignee, the mortgage passes incident to that note. *Freedom Mortg. Corp. v. Noel*, No. 19-CV-0358 (SFJ) (ARL), 2020 WL 4504683, at *7 (E.D.N.Y. Aug. 5, 2020) (citing *Bank of N.Y. v. Silverberg*, 926 N.Y.S.2d 532, 536 (2d Dep't 2011)).

To establish holder status, a plaintiff must be "in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." UCC § 1-201(b)(21)(A); *1077 Madison St., LLC v. Smith*, 670 F. App'x 745, 746-47 (2d Cir. 2016) (holding that the plaintiff must "possess[] a note that, on its face or by allonge, contains an indorsement in

---

[7] Because the Court is sitting in diversity, New York law applies to substantive issues. *See Sarkees v. E.I. Dupont De Nemours and Co.*, 15 F.4th 584, 588 (2d Cir. 2021) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).

blank or bears a special indorsement payable to the order of the plaintiff") (quotations and citation omitted).  To qualify as a negotiable instrument, a document must: "(a) be signed by the maker or drawer; and (b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this Article; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer."  UCC § 3-104(1).

In the Complaint, Plaintiff alleges that it is "the owner of the Note and is in possession of the wet-ink note with a proper allonge."  Compl. ¶ 20.  Plaintiff further alleges that both the Note and Mortgage were assigned to Plaintiff via the AOM.  *Id.*  Defendant Weiss argues that these allegations are insufficient to confer standing because the Note is not a negotiable instrument insofar as it does not contain an unconditional promise to pay a sum certain, and neither the Note nor the allonges are endorsed in blank or specially endorsed to Plaintiff.  *See* Dkt. No. 45, at 7-8. With respect to Plaintiff's alleged status as an assignee, Defendant Weiss argues that the AOM reflects a transfer of the Mortgage to Plaintiff, but not the Note.  *See id.*

Defendant Weiss has therefore raised a meritorious defense based on standing.  There is no indication in the Complaint that the Note is a negotiable instrument, and the Note is not endorsed in blank or endorsed to Plaintiff.  *See* Note, at 8-11.  *See, e.g.*, *W. Coast 2014-7, LLC*, 2022 WL 20703851, at *6 (holding that a substantially similar "Equity Reserve Agreement" was not a negotiable instrument and could not confer holder status); *OneWest Bank, N.A. v. FMCDH Realty, Inc.*, 83 N.Y.S.3d 612, 617 (2d Dep't 2018) (finding a "Cash Account Agreement" with an open-end line of credit was not a negotiable instrument)[8]; *Courchevel 1850 LLC v. Alam*, No. 17-

---

[8] This Court is aware of other Second Department case law holding that a plaintiff can establish holder status based on its possession of a note securing repayment of a home equity loan.  *See, e.g.*, *HSBC Bank USA, N.A. v. Michalczyk*, 180 N.Y.S.3d 580 (2d Dep't 2022); *JPMorgan Chase Bank, Nat'l Ass'n v. Garcete*, 163 N.Y.S.3d 816, 817-18 (2d Dep't 2022); *U.S. Bank Nat'l Ass'n v. Rowe*, 149 N.Y.S.3d 197,

CV-00785 (JBW) (SMG), 2019 WL 9656366, at *8 (E.D.N.Y. Oct. 30, 2019) (holding that where "the note is endorsed to a specific payee, a plaintiff seeking to foreclose must demonstrate that the note has been properly assigned."), *report and recommendation adopted*, 464 F. Supp. 3d 475 (E.D.N.Y. 2020).  In addition, the AOM does not establish Plaintiff's status as an assignee because it does not refer to the Note or otherwise reflect an intent to transfer the Note to Plaintiff.  *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("no special form or language is necessary to effect an assignment" of the Note, but the language of the assignment must "show[] the intention of the owner of a right to transfer it.").

Defendant Weiss also raises a defense based on Plaintiff's non-compliance with RPAPL §§ 1304 and 1306.  RPAPL § 1304(1) requires a foreclosure plaintiff to give a borrower at least 90-days' notice prior to commencing a foreclosure action.  The notice must contain certain statutorily-prescribed information and be sent by registered or certified mail and also by first-class mail to the borrowers' last known address and to the residence that is the subject of the mortgage. *Id.* § 1304(2).  Within three business days of mailing such notice, the plaintiff must file certain information about the proposed legal action with the superintendent of financial services.  *See* RPAPL § 1306(1).  Compliance with RPAPL § 1304 and § 1306 is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of these conditions.  *See, e.g.*, *Michalczyk*, 180 N.Y.S.3d at 584  ("Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action,

---

199 (2d Dep't 2021).  None of these cases, however, address the criteria in U.C.C. § 3-104(1), nor do they mention whether the note in question was, in fact, a negotiable instrument.  Moreover, as the court recognized in *W. Coast 2014-7, LLC*, the Second Department cases are in "contrast[] [to] the in-depth analysis that courts in this circuit have used in assessing whether a specific agreement is a negotiable instrument." *W. Coast 2014-7, LLC*, 2022 WL 20703851, at *6 (citing *Wilson v. Toussie*, 260 F. Supp. 2d 530, 542-43 (E.D.N.Y. 2003); *In re AppOnline.com, Inc.*, 321 B.R. 614, 621-22 (E.D.N.Y. 2003); and *CIT Bank, N.A. v. Howard*, No. 14-CV-7470 (SLT) (SMG), 2016 WL 6330406, at *6 (E.D.N.Y. Oct. 27, 2016)).

and the plaintiff has the burden of establishing satisfaction of the condition."); *see also Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG) (SJB), 2022 WL 18299810, at *3 (E.D.N.Y. Mar. 11, 2022) (denying default judgment based on plaintiff's failure to establish compliance with RPAPL §§ 1304 and 1306), *report and recommendation adopted*, 2022 WL 4445399 (E.D.N.Y. Sept. 23, 2022).

Defendant Weiss claims that Plaintiff has not established compliance with RPAPL §§ 1304 or 1306. The Complaint does not allege that Plaintiff complied with RPAPL § 1304, and Plaintiff has not submitted any proof of compliance. Defendant Weiss claims that she did not receive any notice from the Plaintiff. *See* Dkt. 45, at 9-10. With respect to RPAPL § 1306, the Complaint alleges that, "Plaintiff has complied with section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 of 6-m of the Banking Law." Compl. ¶ 23. Again, Plaintiff does not attach any proof to substantiate its claim.

Accordingly, this Court finds that Defendant Weiss has raised at least one meritorious defense to foreclosure.[9]

---

[9] In Defendant Weiss's opposition, she also contends that Plaintiff's complaint is subject to *res judicata* based on Plaintiff's voluntary dismissal of its claims against Defendants Rachel Shami and Ezra Shami. *See* Dkt. No. 45, at 9. Defendant Weiss, however, has not alleged specific facts that could constitute a defense based on *res judicata*. There is nothing in the record to indicate that Defendants Rachel Shami and Ezra Shami were dismissed pursuant to Fed. R. Civ. P. 25(a)(1). Plaintiff's letter seeking dismissal of these defendants does not cite to Fed. R. Civ. 25(a)(1), and the Court does not cite to this provision in its order of dismissal. *See* Dkt. No. 34; Dec. 6, 2021 Order. Thus, Defendant Weiss has failed to present a meritorious defense based on *res judicata*.

Additionally, Defendant Weiss contends that Plaintiff's claims are barred by the statute of limitations. *See* Dkt. No. 45, at 9. Under New York law, a foreclosure action based on a mortgage of real property that is secured by a note is subject to a six-year statute of limitations. N.Y. CPLR § 213. The time from which the statute of limitations starts to run is upon the acceleration of the mortgage. *See Stewart Tit. Ins. Co. v. Bank of N.Y. Mellon*, 61 N.Y.S.3d 634, 659 (2d Dep't 2017). Here, the Court does not have sufficient evidence to evaluate Defendant Weiss's statute of limitations defense.

              **c.**      **Plaintiff will not be prejudiced by vacating the entry of default**

The third and final factor that a Court must consider in determining whether to set aside a default is whether the non-defaulting party will suffer prejudice.  "Delay alone is not a sufficient basis for establishing prejudice."  *Team Kasa, LLC v. Humphrey*, No. 17-CV-1074 (JS) (AKT), 2018 WL 1867117, at *9 (E.D.N.Y. Jan. 24, 2018) (quotations and citation omitted), *report and recommendation adopted*, 2018 WL 1083958 (E.D.N.Y. Feb. 26, 2018).  Instead, a plaintiff opposing a motion to vacate a default must show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *OneWest Bank, N.A. v. Ruiz*, No. 14-CV-3207 (RRM) (RLM), 2018 WL 1318983, at *3 (E.D.N.Y. Mar. 13, 2018) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Here, Plaintiff has not established that it will suffer prejudice if the Court sets aside the entry of default against Defendant Weiss.  While Plaintiff claims that Defendant Weiss has caused delay, this alone does not amount to prejudice.  Notably, Plaintiff does not allege that such delay will result in a loss of evidence, make discovery more difficult, or increase the risk of fraud and collusion.  And to the extent the resolution of this case has been delayed, this is largely Plaintiff's own doing, as Plaintiff did not request leave to file a motion for default judgment until more than three months after the parties were ordered to complete mediation.  *See* Dkt. No. 43; *see, e.g.*, *Linkov v. Golding*, No. 12-CV-2722 (FB) (LB), 2013 WL 5922974, at *5 (E.D.N.Y. Oct. 31, 2013) ("Plaintiff cannot claim prejudice from a delay to which he contributed."); *Flanagan v. Mod. Concrete Corp.*, No. 07-CV-499 (JFB) (ARL), 2008 WL 2559377, at *4 (E.D.N.Y. June 23, 2008) (holding that plaintiff was not prejudiced where "[n]o action was taken for eight months").

Accordingly, this Court concludes that Plaintiff will not be prejudiced if the entry of default against Defendant Weiss is set aside.

Acknowledging the Circuit's preference for resolving cases on the merits, this Court finds that Defendant Weiss's default was not willful, that Defendant Weiss has presented at least one meritorious defense, and that setting aside the entries of default will not prejudice Plaintiff. *See MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 111 (E.D.N.Y. 2014) (vacating default judgment because the default was not willful, a meritorious defense existed, and discarding the judgment would not prejudice plaintiff). Accordingly, this Court finds that there is good cause to set aside the Clerk of Court's entry of default against Defendant Weiss.

### 2.   The Court should set aside the entry of default for Defendant NYC PVB

While Defendant NYC PVB has not yet appeared, Plaintiff's failure to file proof of service indicating that it complied with the mailing requirement set forth in Local Civil Rule 55.2(c) warrants vacatur of its entry of default. *See Assets Recovery Ctr. Invs., LLC*, 2014 WL 3525011, at *12 (recommending that no default be entered against the NYC PVB because, *inter alia*, plaintiff had not complied with Local Civil Rule 55.2(c)), *report and recommendation adopted*, 2014 WL 3528460 (E.D.N.Y. July 15, 2014); *see also William Gottlieb Mgmt. Co, LLC v. Carlin, No. 20-CV-08907 (PAC)*, 2022 WL 17822578, at *5 (S.D.N.Y. Dec. 20, 2022), *appeal dismissed* (Mar. 9, 2023) (vacating default based on plaintiff's failure to comply with the mailing and notice requirements of Local Civil Rule 55.2(c)).

Defendant NYC PVB's need to respond is particularly significant here because "where a city agency is named as a defendant, heightened pleading requirements apply where the complaint must set forth '[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant.'" *Miami Home, LLC v. Ahmed*,

No. 22-CV-1607 (FB) (JRC), 2023 WL 2189301, at *5 (E.D.N.Y. Feb. 8, 2023), *report and recommendation adopted*, 2023 WL 2187486 (E.D.N.Y. Feb. 23, 2023) (quoting RPAPL § 202-a(1)). "Conclusory allegations that an entity is the holder of a lien encumbering the property, which is subject and subordinate to the plaintiff's mortgage, are insufficient." *Id.* (citation omitted).

Plaintiff's Complaint alleges that the NYC PVB "is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against the Borrower and/or Property which is subordinate to Plaintiff's Mortgage." Compl. ¶ 7. The judgment attached to the Complaint, however, does not establish the existence of a lien on the property. *See* Dkt. No. 1-1. It merely references Ms. Weiss's name but does not identify any NYC PVB violations or liens. *Id.* Given these bare allegations, the NYC PVB may have a valid claim to dismiss under the heightened pleading standards of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2009) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, even in the absence of Plaintiff's non-compliance with Local Civil Rule 55.2(c), this Court would be reluctant to recommend that a default judgment enter against the NYC PVB at this time. *See Assets Recovery Ctr. Invs., LLC*, 2014 WL 3525011, at *12 (recommending that no default be entered against the NYC PVB because, *inter alia*, the complaint alleged only bare allegations about its interest in the subject property, and the NYC PVB could have a valid claim to dismiss on such grounds).

Moreover, Defendant NYC PVB appears to be, at best, a nominal defendant in this case. *See* Compl. ¶ 7; *see also Toiny LLC v. Gill*, No. 18-CV-40 (NGG) (VMS), 2019 WL 2290626, at *4 (E.D.N.Y. Feb. 25, 2019) (recommending that the Court set aside the defaults entered against all defendants, including the nominal defendants who neither appeared nor opposed the entry of default), *report and recommendation adopted*, 2019 WL 1403113 (E.D.N.Y. Mar. 28, 2019).

Accordingly, there is also no prejudice to Plaintiff if the default entered against Defendant NYC PVB is vacated.

Again, given this Circuit's "strong preference for resolving disputes on the merits," *Am. All. Ins. Co., Ltd.*, 92 F.3d. at 62, the Court should, in the interests of justice, *sua sponte* set aside the entry of default for Defendant NYC PVB.

**IV.   <u>Conclusion</u>**

This Court respectfully recommends that Plaintiff's motion for default judgment be denied and that the Clerk's entries of default against Defendant Weiss and Defendant NYC PVB be set aside under Fed. R. Civ. P. 55(c).

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants and to file proof of service on ECF January 15, 2024.

Copies shall be served at the following addresses:

Rachel Weiss
c/o Law Offices of Lawrence Katz
488 Empire Boulevard, Suite 101
Brooklyn, New York 11225

New York City Department of Transportation Parking Violations Bureau
100 Church Street
New York, New York 10007

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Block. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson,*

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

      SO ORDERED.

Dated:      Brooklyn, New York
            January 10, 2024

                         */s/ Joseph A. Marutollo*
                        JOSEPH A. MARUTOLLO
                        United States Magistrate Judge