UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WINDWARD BORA, LLC,

          Plaintiff,

    -against-

RACHEL WEISS; NEW YORK CITY
DEPARTMENT OF
TRANSPORTATION PARKING
VIOLATIONS BUREAU,

          Defendants.

**MEMORANDUM AND ORDER**

Case No. 20-CV-3668 (FB) (JAM)

*Appearances:*
*For the Plaintiff*:
RAFI HASBANI
Hasbani & Light, P.C.
450 Seventh Avenue
Suite 1408
New York, NY 10123

*For the Defendant*:
LAWRENCE KATZ
Law Offices of Lawrence Katz
488 Empire Boulevard
Suite 101
Brooklyn, NY 11225

**BLOCK, Senior District Judge:**

On January 10, 2024, Magistrate Judge Marutollo issued a Report and

Recommendation ("R&R") recommending that Plaintiff Windward Bora, LLC's

motion for default judgment against Defendants Rachel Weiss and New York City

Department of Transportation Parking Violations Bureau ("NYC PVB") be denied

and that the Clerks' entries of default be vacated and set aside.  Plaintiff filed this

action against Defendants Ezra Shami, Rachel Shami, Rachel Weiss, the New

1

York City Department of Transportation Parking Violations Bureau ("NYC PVB"), "John Doe," and "Jane Doe" seeking to foreclose on a mortgage encumbering certain real property pursuant to New York Real Property Actions and Proceedings Law ("NY RPAPL") §§ 1301 *et seq.*[1]

Defendants were served with a Summons and Complaint but never responded to the Complaint.  The Clerk entered a default against Defendants on January 11, 2021.  Plaintiff then moved for default judgment against Defendants Weiss and NYC PVB.  Weiss filed an opposition to Plaintiff's motion, while NYC PVB has not appeared, responded to the Complaint, or filed an opposition to Plaintiff's motion.

As to Plaintiff's motion for default judgment, Magistrate Judge Marutollo found that Plaintiff had failed to comply with Local Civil Rules 55.2(b) and 55.2(c).  Specifically, he found that: (1) Plaintiff failed to attach a proposed form of default judgment in violation of Local Civil Rule 55.2(b) and (2) Plaintiff did not file proof of service indicating that it complied with the mailing requirement set forth in Local Civil Rule 55.2(c).  Accordingly, Magistrate Judge Marutollo recommended that Plaintiff's motion for default judgment be denied for failure to comply with the requirements of Local Civil Rules 55.2(b) and 55.2(c).

---

[1] Defendants Ezra Shami and Rachel Shami unfortunately passed away after the litigation commenced, and following Plaintiff's request, the Court dismissed them from the action on December 6, 2021.

2

Magistrate Judge Marutollo then recommended that the Court set aside the

entries of default for Weiss and NYC PVB.  As to Weiss, Magistrate Judge

Marutollo found that Weiss's default was not willful because she subsequently

appeared in this action through counsel, that she raised at least one meritorious

defense, and that Plaintiff would not be prejudiced if the entry of default against

Defendant Weiss is set aside.  While NYC PVB had not yet appeared, Magistrate

Judge Marutollo found that Plaintiff's failure to file proof of service indicating that

it complied with the mailing requirement set forth in Local Civil Rule 55.2(c)

warrants vacatur of the entry of default.

Magistrate Judge Marutollo's R&R stated that failure to object within

fourteen days of the date of the R&R waives the right to appeal, precluding further

review either by this Court or the Court of Appeals.  No objections were filed.  If

clear notice has been given of the consequences of failing to object and there are

no objections, the Court may adopt the R&R without de novo review.  *See Smith v.*

*Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of

the consequences, failure to timely object to a magistrate's report and

recommendation operates as a waiver of further judicial review of the magistrate's

decision.") (internal citations omitted).  The Court will excuse the failure to object

and conduct de novo review if it appears that the magistrate judge may have

committed plain error.  *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).  No such error appears here.

Accordingly, the Court adopts the R&R without de novo review.  The Court directs the Clerk to deny Plaintiff's motion for default judgment and set aside the Clerk's entries of default against Weiss and NYC PVB under Fed. R. Civ. P. 55(c).  Additionally, because Defendants Ezra and Rachel Shami have passed away and been dismissed from the action, the Court directs the Clerk to amend the case caption to reflect the dismissal of Ezra and Rachel Shami, per Plaintiff's request and Magistrate Judge Marutollo's recommendation.  The caption should be amended to *Windward Bora, LLC v. Rachel Weiss; New York City Department of Transportation Parking Violations Bureau*.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 15, 2024

4