UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WINDWARD BORA, LLC,

                Plaintiff,

-against-

EZRA SHAMI; RACHEL SHAMI; RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; "JOHN DOE" and "JANE DOE," said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,

                Defendants.

Docket Number: 1:20-cv-3668

**AFFIDAVIT IN SUPPORT**

STATE OF New York   )
                                  )
COUNTY OF Kings   )

Joseph Deruscio, being duly sworn, deposes and says:

1. I am the vice president of Windward Bora, LLC, ("Windward Bora" or "Plaintiff"). I am fully familiar with all of the facts and circumstances herein. I have examined the records of the Plaintiff kept in the regular course of doing business.

2. In the regular performance of my job functions, I am familiar with the business records maintained by Plaintiff. These records (which include but are not limited to, data compilations, electronically imaged documents, and others) are made at or near the time of events or activities reflected in such records by, or from information provided by, persons with knowledge of the activities and the transactions reflected in such records, and are kept in the course of business activity conducted regularly by Plaintiff (the "Business Records"). I am also familiar with Plaintiff's office practices and procedures. It is the regular practice of Plaintiff's business to create and maintain these records.

3. Furthermore, it is in Plaintiff's ordinary course of business to communicate with its predecessors-in-interest to obtain information, data and records regarding the Subject Loan and to rely on that information, data and records and to incorporate those records into the Business Records of Plaintiff.

4. In connection with making this Affidavit, I personally examined Plaintiff's Business Records associated with the property known as 2083 E 1st Street, Brooklyn, NY 11223 (the "Property"). As a result of this review, I know the facts set forth in this Affidavit based on my own personal knowledge and if called and sworn as a witness could competently testify thereto.

5. To the extent that the business records were created by prior servicers or holders of the loan, those records have been integrated into Plaintiff's business records, are verified in accordance with Plaintiff's policies and procedures, and are kept and relied upon as a regular business practice and in the ordinary course of business conducted by Plaintiff. I have personal knowledge that the records provided by the prior servicer were incorporated into Plaintiff's records and those records are routinely relied upon by Plaintiff in its ordinary course of business to service the loan.

6. On or about January 3, 2007 defendant EZRA SHAMI executed a home equity line of credit in the amount of $350,000 from National City Bank by a certain note dated the same date (the "Note"). See **Exhibit B,** the endorsed Note attached to **Exhibit 1** of the Rafi Hasbani Declaration ("Hasbani Declaration").

7. In order to collaterally secure the aforesaid obligation, defendants EZRA SHAMI and RACHEL SHAMI, ("Borrowers") on the same day, duly executed, acknowledged and delivered to Plaintiff's assignor a mortgage (the "Mortgage"). See **Exhibit C,** the mortgage, attached to **Exhibit 1** of the Hasbani Declaration. Said mortgage was recorded

in the City Register of the County of Kings on January 25, 2007 as CRFN: 2007000048035. The Mortgage encumbers the Property known as 2083 E 1st Street, Brooklyn, NY 11223 ("Subject Premises"). *Id*. Pursuant to the Mortgage, in any lawsuit for foreclosure and sale, lender has the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount borrower owes lender which fees shall become part of the Sums Secured. *See id*.

8. The Mortgage was assigned to US Mortgage Resolution LLC by the assignment of mortgage dated April 2, 2015. See **Exhibit C,** the assignments mortgage, attached to **Exhibit 1** of the Hasbani Declaration. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388397.

9. The Mortgage was subsequently assigned to RCS Recovery Services, LLC by the assignment of mortgage dated August 18, 2015. *Id*. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388398. See **Exhibit C,** the assignments mortgage, attached to **Exhibit 1**

10. The Mortgage was subsequently assigned to 20 Cap Fund I LLC by the assignment of mortgage dated September 22, 2015. *Id*. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388399. See **Exhibit C,** the assignments mortgage, attached to **Exhibit 1**

11. The Mortgage was subsequently assigned to Miss Jones LLC by the assignment of mortgage dated July 25, 2017. *Id*. Said assignment of mortgage was recorded in the City Register of the County of Kings on October 23, 2017 as CRFN: 2017000388400. See **Exhibit C,** the assignments mortgage, attached to **Exhibit 1**

12. The Mortgage was subsequently assigned to Plaintiff by the assignment of mortgage dated November 7, 2019. *Id*. Said assignment of mortgage was recorded in the City

Register of the County of Kings on December 3, 2019 as CRFN: 2019000394328. See **Exhibit C,** the assignments mortgage, attached to **Exhibit 1**

13.     Windward Bora is the owner and holder of the Mortgage and Note, described in the Complaint. See **Exhibit 4,** the endorsed Note **and Exhibit D**, the assignments of mortgage, attached to **Exhibit 1** of the Hasbani Declaration. Windward Bora has been in physical possession of the Note since November 7, 2019.

14.     I have examined the attached Statement of Amount Due and Owing, as of December, a copy of which is annexed hereto and which is hereby incorporated herein with the same force and effect as if set forth herein at length. Said Statement of Amount Due and Owing was prepared from my records and correctly sets forth the amounts due and owing on the Note and Mortgage mentioned in the Complaint herein for principal and interest. No payments have been made on account of any of the items shown on said Statement of Amounts Due and Owing.

15.     At the closing of the Loan, Borrowers withdrew the full $350,000.00 balance. See the draw documents and HUD attached to the Hasbani Declaration as **Exhibit 5**.

16.     Plaintiff complied with the loan documents requirement of mailing a default notice to Borrowers prior to the commencement of the action. See the Default notice with proof of mailing attached to the Hasbani Declaration as **Exhibit 10**.

17.     Plaintiff complied RPAPL 1304 by mailing a 90-day notice to Borrowers prior to the commencement of the action by first class mail and certified mail. See the 90-day notice with proof of mailing attached to the Hasbani Declaration as **Exhibit 11**.

18.     Plaintiff complied with RPAPL 1306 by filing the 90-day notice with the

Department of Financial Services. See the proof of filing attached to the Hasbani Declaration as **Exhibit 12**.

19. This loan is due for the payment due on June 1, 2007, but the due date was advanced to August 1, 2014 to comply with the New York Statute of Limitations. Said due date was advanced to comply with the applicable statute of limitations. The original Mortgage amount was $350,000.00. The interest rate as set forth in the Note at inception was 9%. The interest rate is adjustable. A copy of the payment history is attached hereto as Exhibit

20. As of July 1, 2024, the outstanding principal balance is $350,000.00.

21. As of May 1, 2023, the past due interest owed on the Loan is $315,000. The loan is currently accruing interest at 9%. The daily per diem of interest is $87.50.

22. Plaintiff has advanced the amount of $18,310.30 on attorneys fees, costs and disbursements.

23. As of July 1, 2024, the total amount due to Plaintiff is $683,310.30.

24. The mortgaged premises consist of one (1) parcel of land and one (1) tax lot located in the County of Kings, State of New York.

25. I respectfully request that the Court allow the premises be sold as one (1) parcel.

26. I am making this Affidavit knowing full well that the United States District Court, Eastern District of New York is relying upon the truth of the statements contained herein.

[SIGNATURE PAGE TO FOLLOW]

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/26/25

Windward Bora, LLC

By: _____
Joseph Deruscio
Vice President
Windward Bora, LLC

Case Name: Windward Bora, LLC, v. Ezra Shami, et al. Civil No.: 1:20-cv-3660

## STATEMENT OF AMOUNT DUE AND OWING

TOTAL PRINCIPAL, INTEREST AND FEES

| | |
|---|---|
| Outstanding Principal Balance | $ 350,000.00 |
| Interest | $ 315,000.00 |
| Fees, Costs and Disbursements | $18,310.30 |
| **Total Amount Due and Owing** | **$ 693,810.30** |