UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------

Windward Bora LLC Civil Action        No.: 20cv 3668

Plaintiff,

-against-

RACHEL WEISS; NEW YORK

CITY PARKING VIOLATIONS BUREAU

John Doe and Jane Doe

Defendants.

------------------------------------------------------------------------------

1

I. INTRODUCTION

Plaintiff has failed to meet the standard of summary judgment.

II. STANDARD OF REVIEW

"The standards for summary judgment are well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Bronx Household of Faith v. Bd. of Educ. of City of N.Y.*, 492 F.3d 89, 96 (2d Cir.2007). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir.2004); see *Anderson*, 477 U.S. at 248 (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"); *Rivkin v. Century 21 Teran Realty LLC*, 494 F.3d 99, 103 (2d

3

Cir.2007). As such, "if 'there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment.' " *Binder & Binder PC v. Barnhart,* 481 F.3d 141, 148 (2d Cir.2007) (quoting R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir.1997)) (alteration in original)."

McAnaney v. Astoria Fin. Corp., No. 04-CV-1101JFBWDW, 2007 WL 2702348, at *4 (E.D.N.Y. Sept. 12, 2007), on reconsideration in part, No. 04-CV-1101JFBWDW, 2008 WL 222524 (E.D.N.Y. Jan. 25, 2008)

III.  NO NOTE NO STANDING NO CLAIM

This court has already ruled that the HELOC presented by plaintiff in this case is not a note and the plaintiff is not

4

possessed of a note in this matter. Magistrate Judge Marutollo in a considered opinion adopted by Judge Block stated: There is no indication in the Complaint that the Note is a negotiable instrument, and the Note is not endorsed in blank or endorsed to Plaintiff. *See* Note, at 8-11. *See, e.g.*, *W. Coast 2014-7, LLC*, 2022 WL 20703851, at *6 (holding that a substantially similar "Equity Reserve Agreement" was not a negotiable instrument and could not confer holder status); *OneWest Bank, N.A. v. FMCDH Realty, Inc.*, 165 A.D.3d 128, 83 N.Y.S.3d 612, 617 (2d Dep't 2018) (finding a "Cash Account Agreement" with an open-end line of credit was not a negotiable instrument)[8]; ***263** *Courchevel 1850 LLC v. Alam*, No. 17-CV-00785 (JBW) (SMG), 2019 WL 9656366, at *8 (E.D.N.Y. Oct. 30, 2019) (holding that where "the note is endorsed to a specific payee, a plaintiff seeking to

5

foreclose must demonstrate that the note has been properly assigned."), *report and recommendation adopted*, 464 F. Supp. 3d 475 (E.D.N.Y. 2020). In addition, the AOM does not establish Plaintiff's status as an assignee because it does not refer to the Note or otherwise reflect an intent to transfer the Note to Plaintiff. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("no special form or language is necessary to effect an assignment" of the Note, but the language of the assignment must "show[ ] the intention of the owner of a right to transfer it.").

Windward Bora, LLC v. Weiss, 717 F. Supp. 3d 247, 263 (E.D.N.Y. 2024)

6

Looking at the first "allonge" it states it is from PNC BANK NA endorsed in blank. This allonge clearly states that it refers to the agreement dated 1/3/2007 which concerns a "Credit Line Amount of $ 350000.00." But according to plaintiff there was no longer a credit line, but a debt for $350,000.00 that was very much in default. None of this is reflected in this "allonge". Of course, since this is not a note allonges are not appropriate.

While presentment of a note is proof of a debt presentment of a Heloc agreement is not.

IV  EZRA SHAMI BORROWED NO MONIES

7

Plaintiff's papers assert that it is attempting to foreclose upon a mortgage based upon a loan wherein the deceased Ezra Shami borrowed money from the original assignor National City Bank. But the papers submitted in support of this proposition say that the borrower was Rachel Shami. Notably the so called allonges, also refer to Rachel Shami as the exclusive borrower. Nonetheless, based upon its business records, the plaintiff concluded that Ezra Shami borrowed money from National City. Its records have led it to a false conclusion. Its records are a sham.

V THE PLAINTIFF'S RECORDS SHOULD BE GIVEN NO WEIGHT

8

Aside from the many discrepancies and other errors made by the plaintiff there is a gap within the records of well over a decade. This is not record keeping, but the complete and total neglect of record keeping which is consistent only with an abandonment of an account.

In this instance the plaintiff purchased an account of dubious value with dubious records.

Defendant would argue that the plaintiff has not laid a proper foundation for these records and further they are to be given no weight.

# VI  FAILURE TO COMPLY WITH RULE 1304 The 90 day NOTICE

The plaintiff failed to comply with the Rule 1304. The letter was not sent by the borrower or servicer instead it was sent by the attorney on his letterhead.  The 1304 notice requires the insertion of the servicer's telephone number within the body of the letter.  This letter inserted the number 786-475-5344. This is a non-working number.

Further, the list of counseling agencies indicates it is a list compiled by Empire Justice center updated October 2017. There is nothing indicating that this is the most updated list from the department of finance.  RPAPL 1304(2).

VII THE UNDERLYING DEBT

The alleged debt herein is claimed to be owed by one or more of the prior defendants who are now deceased. The present defendant does not owe the alleged debt.

As the case has been dismissed with prejudice against the two prior defendants both because the case was dismissed based upon the failure to substitute a representative for their respective estates and as this is the second dismissal, (the court can take judicial notice of Miss Jones, LLC v. Shami, 1:18-cv-03017.) regarding these defendants the debt has been extinguished and the mortgage no longer exists.

Further, any proof of the debt must satisfy the dead man statute.

## CONCLUSION

For the above noted reasons the motion should be denied.

Dated: April 24, 2025

*Lawrence Katz Esq.*

*Law Offices of Lawrence Katz*

464 Malbone Street, Suite 200

Brooklyn, NY 11225

*516-374-2118 Tel*

12

Case 1:20-cv-03668-FB-JAM    Document 67    Filed 06/30/25    Page 13 of 13 PageID #: 617