UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

Windward Bora LLC Civil Action        No.: 20cv 3668

Plaintiff,

-against-

RACHEL WEISS; NEW YORK

CITY PARKING VIOLATIONS BUREAU

John Doe and Jane Doe

Defendants.

------------------------------------------------------------------------

## Defendant's Counterstatement of Material Facts

1. On or about January 3rd 2007 the defendant Ezra Shami did not execute a home equity line of credit in the amount in any amount from national city bank.  There is no note associated with the defendant Ezra Shami. There is no indebtedness associated with the defendant Ezra Shami. See Plaintiff's  exhibit B attached to exhibit 1.

2. The records of the city register of the county of kings on January 25th, 2007 record a home equity line of credit mortgage and covering the property known as 2083 E 1st St. Brooklyn NY. Said mortgage was signed by individuals named Ezra Shami by individuals named Ezra Shami and Rachel Shami. Both the defendants,Ezra Shami and Rachel Shami are now deceased.

3. The public records reflect that the home equity line of credit mortgage was assigned numerous times. In New York State one does not assign a mortgage by a mortgage assignment but rather one assigns a mortgage by assigning the underlying debt. Nonetheless the public records indicate there are various assignments of this mortgage. There is no way to know whether any of these assignments actually took place.

4. Mortgages are not assigned in New York State by the assignment of the mortgage.

5. Mortgages are not assigned in New York State by the assignment of the mortgage.

6. Mortgages are not assigned in New York State by the assignment of the mortgage.

7. Mortgages are not assigned in New York State by the assignment of the mortgage.

8. Plaintiff is not the holder of any note nor is there any  note associated with this case.

9. Ezra Shami at the inception of the loan drew no amount of money.  Ezra was not the borrower and had no legal right or ability to draw on this line of credit. See all exhibits submitted by plaintiff on its motion for summary judgment.

10. Shami never borrowed money and therefore was never in default for a failure to pay money.

11. Ezra never cured his default because he never owed any money.

12. Ezra did not owe any money.  Further he is deceased and the dead man statute applies.

13. Rachel Weiss is the owner of the subject premises by deed dated November 17th 2008.

14. Plaintiff's proof of mailing a default notice is inadequate.

15. Plaintiff's proof of mailing of RPA PL1304 is inadequate. Further the notice does not include a list of A list of homeowner assistance and is otherwise deficient. See defendant's memorandum of law

16. Plaintiffs did not comply with the requirements of RPAPL1306

17. Defendant does not know what this plaintiff did.

18. Defendant is not in default of paying any monies. Defendant is not a borrower or a party to the loan documents.  Further the sole debtor Rachel SHami is deceased.  New York State deadman statute applies.

19. Defendant is not a borrower.

20. At the time of the filing of the action plaintiff was not the owner of the mortgage as it was not the owner of any underlying debt associated with its mortgage and was certainly not the holder of a note the existence of which has been shown clearly not to exist.

Dated April 24, 2025

Brooklyn  New York                              _s/Lawrence Katz_____

                                               Lawrence Katz