UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WINDWARD BORA, LLC,

                        Plaintiff,

       -against-

EZRA SHAMI; RACHEL SHAMI; RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; "JOHN DOE" and "JANE DOE," said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 1:20-cv-3668

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT

**HASBANI & LIGHT P.C.**
Rafi Hasbani, Esq.
450 Seventh Ave. Suite 1408
New York, New York 10123
Tel: (212)643-6677
*Counsel for Plaintiff*

Dated: June 27, 2025

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 3
DEFENDANT'S COUNTSTATEMENT OF MATERIAL FACTS IS DEFECTIVE .................. 3
PLAINTIFF HAS PROVIDED SUFFICIENT EVIDENCE TO MAKE A PRIMA FACIE CASE TO FORECLOSE ................................................................................................................. 4
PLAINTIFF HAS SHOWN ITS STANDING TO COMMENCE THE ACTION ........................ 5
PLAINTIFF HAS PROVIDED PROPER RECORDS IN SUPPORT OF ITS MOTION ............. 7
DEFENDANT CANNOT CHALLENGE THE RPAPL § 1304 NOTICE ................................... 8
THE DEBT IS VALID ................................................................................................................. 9
CONCLUSION ........................................................................................................................... 10

**PRELIMINARY STATEMENT**

Plaintiff Winward Bora LLC's ("Plaintiff") Motion for Summary Judgment must be granted, because Defendant fails to prove the existence of triable issues of fact in its opposition in its favor. On the other hand, Plaintiff properly proves its *prima facie* case for foreclosure by establishing the existence of the loan and the default thereunder.

Defendant does not dispute the existence of the note and mortgage and the obligation due under them. Defendant attempts to attack Plaintiff's business records. However, Plaintiff has proven the default by attaching proper business records and through the testimony of Joseph Deruscio of Plaintiff and of Lauren Chounet of PNC Bank, National Association. Moreover, Defendant's claim that Plaintiff lacks standing is meritless.

For these reasons, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment must be granted in its entirety.

**DEFENDANTìS COUNTSTATEMENT OF MATERIAL FACTS IS DEFECTIVE**

Defendant failed to identify any supporting evidence with its counter statement of material facts "CSMF"). As a threshold matter, the CSMF fails to comply with FRCP 56 and Local Rule 56.1(C) and (D). Specifically, Local Rule 56.1(d) requires that, "Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required as by [FRCP] 56(c)." Defendant's failure to accompany its CSMF by any admissible evidence deems it defective; therefore, it should not be considered by the court.

**PLAINTIFF HAS PROVIDED SUFFICIENT EVIDENCE TO MAKE A PRIMA FACIE CASE TO FORECLOSE**

Defendant alleges that Plaintiff has not made out its prima facie case to foreclose, because it cannot prove default and its evidence is inadmissible. However, Defendant is incorrect as Plaintiff has met its burden.

Under New York Law a plaintiff makes out a *pirma facie* case for foreclosure by showing he existence of an obligation secured by a mortgage, and a default on that obligation." *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 59 n.2 (2d Cir. 1997). To show default, a plaintiff can submit the testimony of someone with knowledge of the business records that reflect a default. Gustavia Home, LLC v. Hoyer, 362 F.Supp.3d 71, 80 (E.D.N.Y. 2019); *Gustavia Home, LLC v. Bent*, 321 F.Supp.3d 409, 415 (E.D.N.Y. 2018). With regard to the admissibility of business records, they can be admitted if the witness testifies that the records are integrated into a company's records and relied upon in its day-to-day operations. *US v. Jakobetz*, 955 F.2d 786, 801 (2d Circ. 1992); *Matter of Ollag Constr. Equip. Corp.*, 665 F.2d 43, 46 (2d Cir.1981).

When there is a claim regarding the time of default, it would relate to the amount due on the loan, this is not a challenge as to the default itself. A dispute as to the amounts due on the loan does not bar summary judgment. *Nissan Motor Acceptance Corp. v. Nemet Motors, LLC*, 2022 WL 4651667, at 5 (E.D.N.Y. 2002). When there is an issue of fact raised by a Defendant as to the amounts owed on the loan, the existence of the dispute does not preclude summary judgment. *Crest/Good Mfg. Co., Inc. v. Baumann*, 160 A.D.2d 831 (2d Dept, 1990).

As stated above, Plaintiff is only required to show the existence of a note, mortgage, and a default on the obligation. Plaintiff has provided the affidavit of Joseph Deruscio regarding the default

based on his review of the business records. See **Exhibit 8**. In his affidavit, Devico attests to the default on the loan, and that the due was advanced to comply with the applicable statute of limitations. See Deruscio Aff. ¶ 19.

The testimony of Lauren Chounet to verify PNC Bank business records, reflect that the funds were drawn at closing, and that the loan is in default. See **Exhibits 6-8**. The Lauren Chounet affidavit states the documents provided by PNC Bank are part of PNC Bank's business records, are regularly kept in the course of business, and her testimony is based on the review of such records. See See **Exhibits 6-8**. There is proper testimony from both Deruscio and Chounet with regard to the documents that show a default on the loan. Said documents are in admissible form and so is their content. The facts that Plaintiff chose to advance the due date to 2014 is well within Plaintiff's rights. *Wells Fargo Bank, N.A. v. Islam*, 193 A.D.3d 1016 (2d Dept. 2021). The documents reflect that $350,000.00 were drawn on the agreement at closing, and reflect that the funds were never repaid.

Defendant has failed to submit any evidence to refute the default from. The burden of proving a debts discharge by payment is on the person alleging the payment. *Id.* Without actual proof of payment, a defendant's bold assertion of tendering payment alone is insufficient. *LG Capital Funding, LLC v. On4 Communications, Inc.*, 2018 WL 4583486, 4 (E.D.N.Y. 2018). Defendant cannot rebut that Plaintiff made a prima facia case to foreclose.

**PLAINTIFF HAS SHOWN ITS STANDING TO COMMENCE THE ACTION**

Defendant's claim that Plaintiff lacks standing is meritless. Plaintiff has made a prima facie case of standing to commence the action. The Eastern District of New York has ruled that a

plaintiff can show standing to foreclose on a home equity line of credit "(HELOC")" the same as by showing its standing to foreclose on a note.

A plaintiff meets its burden to establish standing by proving that it had "possession of the note prior to commencement of [the] action." *Taylor*, 25 N.Y.3d at 362. Annexing a copy of the endorsed note to the complaint at commencement is sufficient evidence for Plaintiff to establish *prima facie* that it had standing through possession of the note at commencement. *See, CIT Bank, N.A. v. Moroz,* 19-cv-04473, 2019 WL 6352467 (E.D.N.Y. November 27, 2019); *Gustavia Home, LLC v. Owusu,* 16-cv-5709, 2018 WL 2122818 (E.D.N.Y. May 8, 2018); *Nationstar Mortgage v. LaPorte,* 162 A.D.3d 784 (2d Dept. 2018); *Deutsche Bank Nat. Trust Co. v. Umeh,* 145 A.D.3d 497 (1st Dept. 2016).

In *Windward Bora, LLC v. Rampersad*, 2023 WL 5533152, at 6 (E.D.N.Y. 2023), an action by the same plaintiff seeking to foreclose on a HELOC, the court held the following:

> Under New York law, a plaintiff establishes standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action [was] commenced. Significantly, being a holder or assignee of the underlying note is sufficient for standing to foreclose, because the mortgage passes with the debt as an inseparable incident." (internal citations and quotations omitted)); see also *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that plaintiff established ownership of the note where it submitted "copies of the Mortgage, Note, allonges, and chain of assignments").

Essentially, this court held a plaintiff foreclosing on a HELOC shows its standing the same as it would when foreclosing on a note.

Providing an affidavit attesting to the possession of the note is sufficient to prove a plaintiff had standing to commence an action. *Courchevel 1850 LLC v. Alam*, 464 F.Supp.3d 475 (E.D.N.Y.

2020). Also, a party can prove its standing to foreclose on a HELOC by providing evidence of the assignment. *OneWest Bank, N.A. v FMCDH Realty, Inc.*, 165 A.D.3d 128 (2d Dept. 2018). Plaintiff has met those requirements. The Deruscio Aff. attests that Plaintiff has been in physical possession of the HELOC since November 7, 2019. Moreover, Plaintiff has provided a copy of its assignment of mortgage that states it is assigned "all interests" in the mortgage. See **Exhibit D to Exhibit 1**. Therefore, Plaintiff has demonstrated its standing to foreclose, and Defendant's defenses must be stricken.

Plaintiff established its standing *prima facie* by attaching a copy of the Note specifically endorsed to Plaintiff with the assignments of mortgage. See **Exhibit 4** and Exhibit D to **Exhibit 1**. Additionally, the Deruscio Affidavit testifies that Plaintiff was in possession of the Note/HELOC and mortgage since November 7, 2019. The assignments of mortgage reflects the same date, and said assignment was attached to the complaint.

**PLAINTIFF HAS PROVIDED PROPER RECORDS IN SUPPORT OF ITS MOTION**

Defendant argues that Plaintiff's records are "a sham." This argument is meritless. Plaintiff has provided proper evidence in support of its motion showing the withdrawal of the funds, and the default on said loan.

A party moving for summary judgment, is not required to submit an affidavit in support of its motion. *Siemens Energy & Automation, Inc. v. Coleman Elec. Supply Co., Inc.*, 46 F.Supp.2d 217, 221 (E.D.N.Y. 1999); *Celotex Corporation v. Catrett,* 477 U.S. 317, 323 (1986). In *Siemens Energy*, the court rejected the defendant's arguments that the evidence and affidavit submitted in support of the motion for summary judgment fail to lack sufficiency, because the movant is not required to submit an affidavit in support of its motion. *Id.* Furthermore, as stated above,

"[M[aterial relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question "will be presented in admissible form at trial," it may be considered on summary judgment." *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (per curiam); see also *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.")

Plaintiff has provided sufficient evidence to show the note, mortgage and proof of default. While admittedly the undersigned mistakenly stated that the funds were borrowed by Ezra Shami rather than Rachel Shami, the documents speak for themselves. Plaintiff provided the HELOC agreement, the mortgage (**Exhibit 1** at **Exhibits B** and **C**) proof of the withdrawal of the $350,000 at closing (**Exhibit 5**) and the default through the letter from PNC and the payment history (**Exhibits 6-8**). The document are authenticated by the Devico Aff. and by the Chounet Aff. attesting to the authenticity of the business records. Defendant has not provided any evidence to dispute the default or proof of payment of the funds.

**DEFENDANT CANNOT CHALLENGE THE RPAPL ®1304 NOTICE**

Defendant alleges that Plaintiff failed to comply with RPAPL § 1304. It is undisputed that Defendant is not a borrower on the loan; therefore, she lacks standing to challenge the RPAPL § 1304 notice that was mailed to the Borrowers.

It is well established that only a mortgagor or a tenant is entitled to a RPAPL 1303 notice. *See* RPAPL 1303(1)(a)-(b). "Notice pursuant to RPAPL 1303 and any defense based on it are personal to the parties entitled to receive it." Blumenthal, Practice Commentaries, McKinney's Cons Laws of NY, RPAPL 1303. Other defendants "do not have standing to assert the defense that

plaintiff failed to give proper notice under RPAPL 1303." *Id.* (citing to *Ekelmann Grp., LLC v. Stuart*, 108 A.D.3d 1098, 1100 (4th Dept. 2013)).

Similarly, only a party to the note and mortgage are entitled to a notice pursuant to RPAPL 1304. *See*, *Bank of Am., N.A. v. Castillo*, 227 A.D.3d 760, 762 (2d Dept. 2024) (holding defendant "was not entitled to notice pursuant to RPAPL 1304 since it was not a party to the senior note and the senior mortgage." [Internal citations omitted.]) Therefore, only the obligor under the note or mortgagor have standing to raise the defense of RPAPL 1304. *Id*. (holding that Defendant "which is not a party to either the note or mortgage, lacks standing to raise as a defense to this action the plaintiff's alleged failure to serve a notice of default in accordance with the terms of the note and mortgage." [Internal citations omitted.]).

**THE DEBT IS VALID**

Defendant argues that since the action was dismissed against the borrowers, the debt is no longer valid. However, a deceased party or its estate are not a necessary parties to a foreclosure action if no deficiency is being sought.

When a party dies, and they no longer have an interest in the action, a plaintiff can dismiss the deceased party from the action. *DLJ Mortg. Cap., Inc. v. 44 Brushy Neck, Ltd.*, 51 A.D.3d 857, 859 N.Y.S.2d 221 (2008). "where a party's demise does not affect the merits of a case … there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution." *Id.*; *Bova v. Vinciguerra*, 139 A.D.2d 797, 799, 526 N.Y.S.2d 671; see *Alaska Seaboard Partners Ltd. Partnership v. Grant*, 20 A.D.3d 436, 437, 799 N.Y.S.2d 117).

It is undisputed that Defendant is the deed holder to the Subject Premises. After Ezra Shami and Rachel Shami deceased, they were no longer necessary parties since they do not affect the outcome of the action. The loan is secured by a mortgage, and Plaintiff is seeking to foreclose against the Subject Premises. Plaintiff has waived any deficiency against the borrowers and their estate; therefore, Plaintiff was correct in dismissing them from the action.

**CONCLUSION**

Plaintiff established its *prima facie* case for Summary Judgment. In opposition, the Defendants' affirmative defenses fail to raise a triable issue of fact. Therefore, Plaintiff's Motion for Summary Judgment should be granted in its entirety.

Dated: June 27, 2025  **HASBANI & LIGHT, P.C.**
New York, New York

*/s/ Rafi Hasbani*
Rafi Hasbani, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Telephone: (212) 643-6677
Email: rhasbani@hasbanilight.com
*Counsel for Plaintiff Windward Bora, LLC*