UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC,<br><br>      Plaintiff,<br><br>-against-<br><br>RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; "JOHN DOE" and "JANE DOE,"<br><br>      Defendant. | <u>**MEMORANDUM AND ORDER**</u><br>Case No. 1:20-CV-3668 (FB) |

*Appearances:*

For the Plaintiff:
RAFI HASBANI
Hasbani & Light, P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123

For the Defendants:
LAWRENCE KATZ
The Alber Firm PC
21 Walt Whitman Road
Ste 2nd Floor
Huntington Station, NY 11746

**BLOCK, Senior District Judge:**

  Pending before the court in Plaintiff Windward Bora, LLC's ("Windward") motion for summary judgement. SJ Mot., ECF No. 66. For the following reasons, the motion is GRANTED.

**FACTS**

The following facts are taken from the pleadings, the parties' Rule 56.1 statements,

and the supporting documentation.[1] The facts are undisputed unless otherwise noted. The Court construes all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in that party's favor. *See LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 205 (2d Cir. 2005).

Windward is a Delaware LLC whose sole member is a Florida resident. Compl. ¶¶ 2, 3 ECF No. 1. Defendant Rachel Weiss is the owner of record of the Property. Pl.'s 56.1 St. ¶ 13, ECF No. 66-1; Def's 56.1 St. ¶ 13, ECF No. 67-1. Defendant New York City Department of Transportation Parking Violation Bureau is joined as a necessary party who has a judgment subordinate to Plaintiff's mortgage. Compl. ¶ 7. Defendants "JOHN DOE" and "JANE DOE" are any additional parties having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313. *Id.* at ¶ 8.

This case arises out of a home equity line of credit ("HELOC") created on January 3, 2007, between Ezra and Rachel Shami (the "Shamis") and National City Bank. Def.'s 56.1 St. ¶ 9; *see also* HELOC Agreement, ECF No. 66-7; Draw Document, ECF No. 66-7. The HELOC allowed the Shamis to draw on a $350,000

---

[1] Defendant Weiss submitted a 56.1 Counter Statement of Facts ("CSOF") which is deficient in numerous ways, but most significantly it features only a single citation to the record, despite Local Rule 56.1's requirement that "[e]ach statement by the movant or opponent . . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required as by [FRCP] 56(c)." *See* Def.'s CSOF, ECF No. 67-1 Nonetheless, the Court has endeavored to resolve ambiguities in Weiss' favor.

line of credit and was secured by the Property. The same day that the HELOC was signed, the Shamis drew down the entire line of credit. *See* Draw Document. The HELOC has evidently been in default since June 2007. *See* Pay History, ECF No. 66-11. Rachel Weiss purchased the Property subject to Plaintiff's mortgage by a deed dated November 17, 2008. *See* Deed, ECF No. 66-12. In the intervening years, the note was transferred to various creditors, culminating finally with Windward. Defendants Ezra Shami and Rachel Shami unfortunately passed away after the litigation commenced, and following Plaintiff's request, the Court dismissed them from the action on December 6, 2021.

## Legal Standard

A court should grant summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (A dispute as to a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").[2] The movant bears the burden of showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). "In determining whether summary judgment is appropriate, this

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

3

Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brady v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011). An affirmative defense can be dismissed on a summary judgment motion when that defense is unsupported by any evidence in the record. *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994).

## Discussion

"In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017). The burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action." *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 336-37 (2d Cir. 2021). Here, the plaintiff has produced the mortgage, the note and evidence of the defendant's default. Although the defendant's briefs were nearly sanctionable in their deficiency, the Court has managed to intuit the following affirmative defenses.

    I.    The HELOC is not a negotiable instrument or a note, and Plaintiff therefore lacks standing

Defendant argues that the HELOC is not a negotiable instrument, and as such, that the Plaintiff lacks standing to bring this suit. Def's Opp. at 5, ECF No. 67. Defendant offers no meaningful evidence to support this claim, and even if

4

they did, it is not an absolute defense because "[w]ritten assignment of the Note provides an alternative route for Plaintiff to show standing to foreclose." *W. Coast 2014-7, LLC v. Moses*, No. 20-CV-04101 (NGG) (JRC), 2022 U.S. Dist. LEXIS 245721, at *12 (E.D.N.Y. Oct. 27, 2022). Indeed, Windward does not argue that the HELOC is a negotiable instrument, but rather that it has been assigned by the previous owner via an allonge.

Defendant, in the alternative, argues that the HELOC is not a note. A note is a "written promise by one party (the *maker*) to pay money to another party (the *payee*) or to bearer." Note, Black's Law Dictionary (12th ed. 2024). The HELOC expressly contains language indicating that the Shamis agreed to repay the $350,000, plus interest, and in the event of default, provided for the note's owner to foreclose upon the Property. The allonges affixed to the HELOC each read: "This endorsement is a permanent part of the Note referenced below." *See* HELOC pp. 9–11. Defendant offers no reason why the HELOC is not a note besides conclusory statements, and as such, this defense fails.

Plaintiffs have provided the Court with documents showing a $350,000 line of credit extended to the Shamis in exchange for a mortgage on their home, a Draw Agreement initialed by both Shamis indicating that the line of credit was exhausted, and a series of allonges indicating that the Note was transferred to various creditors over the years, culminating with Windward. *See* Note and

5

Allonge; Draw Agreement. Although Defendant ostensibly questions the trustworthiness of Plaintiff's records, she provides no evidence to undermine Plaintiff's documents, and no contrary affidavits to challenge those submitted by Plaintiff. *See e.g.*, Deruscio Aff., ECF No. 66-2 (attesting to validity of note and allonges); Chounet Aff., ECF No. 66-8 at 4 (certifying validity of bank records). Lacking any reason to doubt the validity of Defendant's mortgage, note, or allonges, the Court finds that they are sufficient to support prima facie entitlement to foreclose. Therefore this defense fails.

    II.    Plaintiff failed to comply with RPAPL § 1304's notice requirement

Defendant's argument that Plaintiff failed to comply with § 1304's notice requirements is without merit because only parties to the note and mortgage are entitled to a notice pursuant to this section. *See*, *Bank of Am., N.A. v. Castillo*, 227 A.D.3d 760, 762 (2d Dept. 2024) (holding defendant "was not entitled to notice pursuant to RPAPL 1304 since it was not a party to the senior note and the senior mortgage."). As Weiss is neither a party to the note nor the mortgage she lacks standing to raise this defense.

## Conclusion

The rest of Defendant's affirmative defenses are frivolous, meaningless, or completely lacking in evidentiary support. Because the Plaintiff has proven their prima facie entitlement to foreclose on the Property the Court **GRANTS** the

6

motion for summary judgement. Windward is **DIRECTED** to submit a proposed form of judgment of foreclosure and sale, within 14 days of the entry of this order.

Separately, the Court was extremely troubled by the submissions of Defendant Counsel, Lawrence Katz, which were almost completely lacking in citations, improperly formatted, inconsistent with this Court's local rules, and featured numerous arguments so brief, vacuous, and vague that the Court struggled to determine whether or not they were frivolous. *See In re Sobolevsky*, 430 F. App'x 9, 11 (2d Cir. 2011) (briefs of "shockingly poor quality" valid basis for sanction). Pursuant to Fed. R. Civ. P. 11(c)(3), the Court **ORDERS** Lawrence Katz to show cause why his conduct has not violated Rule 11(b).

**SO ORDERED.**

                                                                _/S/ Frederic Block_____
                                                                 FREDERIC BLOCK
                                                                 Senior United States District Judge

Brooklyn, New York
October 3, 2025