UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC<br>　　　　　　　　　Plaintiff,<br>-against-<br><br>RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,<br>　　　　　　　　　Defendants. | Docket No.: 20-cv-3668<br><br>**JUDGMENT OF FORECLOSURE AND SALE**<br><br>PROPERTY ADDRESS:<br>2083 East 1st Street, Brooklyn New York 11223<br><br>Block: 7104<br>Lot: 511 |

On the Summons in a Civil Action (the "Summons") and Complaint filed herein on August 13, 2020, ( "Complaint"); on the Notice of Pendency filed in the Kings County Clerk's Office on August 18, 2020 and the successive Notice of Pendency filed on December 11, 2023; and upon Plaintiff Windward Bora, LLC's ("Plaintiff") Motion for a Summary Judgment and a Judgment of Foreclosure and Sale finding warranted against Defendant RACHEL WEISS ("Defendant"), pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Motion"), and the cross-motion of Defendant

NOW, upon the Declaration of Amounts Due and Owing of Joseph Deruscio (the "Derusci Declaration"), dated February 26, 2025, the Court finds that;

Plaintiff's motion is granted in its entirety;

Defendant Rachel Weiss' answer is stricken;

Defendants NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING

VIOLATIONS BUREAU are in default;

Plaintiff is the assignee, owner and holder of the Note (the "Note") and Mortgage (the "Mortgage") dated January 3, 2007, in the amount of $350,000.00 recorded in the office of the City Register, County of Kings on October 6, 2006, as CRFN: 2007000048035;

The amount computed by the Court to be due on the Note and Mortgage is $350,000.00 in unpaid principal, $315,000.00 in interest, and $18,310.30 in fees, costs and disbursements through July 1, 2024, for a total of $683,310.30 as set forth in the Deruscio Declaration, plus interest from July 1, 2024, until the entry of the within Judgment of Foreclosure and Sale.

**IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and Schedule "A" annexed hereto be sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held outside the United States Courthouse, 225 Cadman Plaza, Brooklyn, NY 11201, by and under the direction of

<u>Scott Siller, Esq.,</u> who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his/her duly appointed designee then deposit the balance of said proceeds of the sale in his/her own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

<u>First</u>: The sum of $750.00 to said Referee for his fees herein;

<u>Second</u>: The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository;

<u>Third</u>: And also the sum of <u>$470.00</u> (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from July 1, 20204, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED,** that said Referee, or his duly appointed designee, shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "Third" and shall file it with his report of sale. That said Referee, or his duly appointed designee, shall deposit the surplus monies, if any, with the aforesaid depository, within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or his duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "First" and "Second" and shall also pay the amount of the aforesaid taxes assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "Third" and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such

sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, the Plaintiff shall recover from Defendant Dalton Cunningham the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED**, that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and it

is further

**ORDERED, ADJUDGED AND DECREED**, that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED**, that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUDGED AND DECREED**, that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were

physically present to submit said bid; and it is further

**ORDERED, ADJUDGED AND DECREED** The caption is hereby amended to remove "John Doe" and "Jane Doe" to read as follows:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC<br>　　　　　　　Plaintiff,<br>　-against-<br><br>RACHEL WEISS; NEW YORK CITY DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU;<br><br>　　　　　　　Defendants. | Docket No.: 20-cv-3668<br><br>PROPERTY ADDRESS:<br>2083 East 1st Street, Brooklyn<br>New York 11223<br><br>Block: 7104<br>Lot: 511 |

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; notices of pendency; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. The purchaser shall be responsible for the payment of transfer taxes. Said premises commonly known as 2083 East 1st Street, Brooklyn, NY 11223 Tax Map of county

of Kinks as BLOCK: 7104 LOT(S): 511. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: October 6, 2025

/S/ Frederic Block
_____
The Honorable Frederic Block

# SIGNATURE TITLE AGENCY & LAND SERVICES

CTSY- 2083 East 1st Street

## SCHEDULE A

### PROPERTY DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of East 1st Street, distant 153 feet 3 inches northerly from the corner formed by the intersection of the easterly side of East 1st Street and the northerly side of Avenue U;

RUNNING THENCE easterly parallel with Avenue U and part of the distance through a party wall, 100 feet:

THENCE northerly parallel with East 1st Street, 23 feet;

THENCE westerly parallel with Avenue U, 100 feet to the easterly side of East 1st Street; and

THENCE southerly along the easterly side of East 1st Street, 23 feet to the point or place of BEGINNING.